No. 34,901

Kate Mirise, *Appellee*, v. Geo. D. Rathbun as Administrator of the Estate of Mary Louise Wells, Deceased, Frank Mirise, C. H. Hughes, E. B. Hughes, Carl Hughes, William Hughes, Jack Hughes, Jennie Hughes Lynch, Charlotte Hughes McCoy, Beverley Hughes Southcotte, Lewis C. Mirise, Fredia Louise Baker, Minetta Logan Seward, Mrs. Joe Postlewait, Clinton Ransom Mirise, Kenneth Ray Mirise, Paul Russell Mirise, David Lewis Mirise, *Defendant-Appellants;* Charles F. Mirise, Janette Mirise Norman, LeRoy Mirise, Paul Rogers Mirise, a Minor, and any unknown heirs of Mary Louise Wells, Deceased, *Appellants.*

(104 P. 2d 420)

Opinion filed July 11, 1940.

*George D. Rathbun* and *Fred R. Smith,* both of Manhattan, for the appellants.

*Hal E. Harlan, A. M. Johnston* and *Roy A. Lathrop,* all of Manhattan, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action to contest an order of the probate court refusing to probate a will and to have the instruments established as a will. Judgment was for plaintiff. Defendants have appealed.

The pertinent facts are: Mary Louise Wells, a resident of Riley county, died December 28, 1938, leaving no descendants or surviving husband. The value of her estate was about $9,000. She left what purported to be her last will and testament, by the terms of which she gave all her property to her sister-in-law, Kate Mirise, a resident of Roscoe, Ohio. On December 31, 1938, one of the heirs at law of the decedent, filed a petition in the probate court of Riley county, in which it was alleged that she died intestate, and asking for the appointment of an administrator of her estate. The petition

was heard *ex parte* on January 3, 1939, and allowed, and George D. Rathbun was appointed, and he qualified as such administrator. On January 4, 1939, the administrator filed in the probate court a petition in which he informed the court:

". . . that a pretended will, apparently executed by the said Mary Louise Wells, has been found and said administrator further informs the court that he has investigated until he has been convinced that said will is not subject to probation because the testatrix was incompetent to make a will on the date said will was made."

The will was attached to the petition and the court was asked "to set a date and call in the witnesses and determine whether said will should be probated." On January 7, 1939, on an *ex parte* hearing, the court made an order refusing to probate the will on the ground that the testatrix did not have mental capacity to make a will.

On April 14, 1939, this action was brought in the district court of Riley county to contest the order of the probate court refusing to probate the will and to have the instrument established as the last will and testament of Mary Louise Wells, deceased. Such an action was authorized by G. S. 1935, 22-223. The plaintiff was the sole beneficiary named in the will. The defendants were the administrator appointed by the probate court and the heirs at law of the decedent. The administrator filed an answer May 25, and six of the defendants answered June 1, 1939. Later other defendants answered. On October 9, 1939, defendants filed a motion to abate and dismiss the action upon the ground that G. S. 1935, 22-223, had been repealed by the Kansas probate code (Laws 1939, ch. 180; G. S. 1939 Supp., ch. 59). This motion was heard and denied November 9, 1939. The action was tried on its merits and a judgment rendered April 12, 1940, holding that Mary Louise Wells had the necessary mental capacity to make the will in question, that it was properly attested, and should be admitted to probate. Defendants' motion for a new trial was overruled.

Defendants, as appellants in this court, make no complaint of the judgment of the trial court insofar as it pertains to the merits of the action. Their sole contention is that the action in the district court, although properly brought under G. S. 1935, 22-223, necessarily abated on July 1, 1939, when that statute was specifically repealed by the Kansas probate code (Laws 1939, ch. 180), which went into effect on that day. With this contention we cannot agree.

The framers of the Kansas probate code and the members of the

legislature which enacted it knew that on its effective date there would be pending in the courts of the state probate business in every state of incompleteness. They had no intention of having the new act work an injustice to the parties in such pending matters. Certainly there was no intention to abrogate existing rights of parties in pending proceedings, if, indeed, that could have been done. It contained a specific provision that the new code should apply to pending matters "except to the extent" such application "would not be feasible or would work injustice, in which event the former procedure applies." (Laws 1939, ch. 180, § 281; G. S. 1939 Supp. 59-2602.) To require that a case pending in the district court to contest a will, or to contest the refusal of a probate court to admit a will to probate, properly brought under a statute then in force, but which was repealed by the new probate code, should abate, and that the contestor should start anew by appealing from the order of the probate court refusing to probate the will, "would not be feasible" and "would work injustice" within the meaning of this section of the Kansas probate code. Appellants argue this section provides a rule to be followed by probate courts and has no application to independent actions in the district court. The point is not well taken here, for, though brought in the district court, it deals with the probating of a will, hence essentially is a probate matter and is within the purview of this section of the statute.

Since 1859 (Laws 1859, ch. 120; G. S. 1868, ch. 104, G. S. 1935, 77-201) we have had in force a general statute containing rules for statutory construction which are to be followed if consistent "with the manifest intent of the legislature" and not "repugnant to the context of the statute." This general statute "becomes a part of every repealing statute that does not specifically state that it is to have a retrospective effect." (*State v. Brown*, 146 Kan. 525, 528, 73 P. 2d 19.) This general statute, in part, reads:

"The repeal of a statute does not . . . affect any right which accrued, . . . nor any proceeding commenced, under or by virtue of the statute repealed. . . ." (G. S. 1935, 77-201, *first*.)

In this case the action had been brought under G. S. 1935, 22-223, which was repealed by the Kansas probate code (Laws 1939, ch. 180, § 280), and by the general statute just quoted plaintiff's right to proceed was not affected by such repeal, since she had an accrued right and a proceeding commenced under the statute which was later repealed.

The case of *Serrault v. Price,* 125 Kan. 548,. 265 Pac. 63, is in point. There a will had been probated September 12, 1924. An action to contest it was begun September 1, 1926. When the will was probated R. S. 22-223 was in force, giving two years in which to bring an action to contest a will, but this had been amended by the legislature of 1925 (Laws 1925, ch. 160), effective May 28, 1925, limiting the time in which to bring an action to contest a will. to one year, and containing a provision "that this act shall not apply to any action or proceeding now pending." Defendants contended the action was brought too late. The court held otherwise. The syllabus reads:

"The amendment and repeal of R. S. 22-222 of 1923 by chapter 160 of the Laws of 1925, reducing the time within which an action to contest a will may be brought from two years to one year and eliminating entirely the retrospective clause which was in the former law, does not in any way deprive · interested parties of the rights which accrued to them under the old law in force when the will was probated."

Appellants concede the holding in this case is against their contention here, but argue that case was wrongly decided. We have again considered the question and are entirely satisfied with the decision reached in that case.

We· have considered all the arguments made and authorities cited by appellants, but find no reason further to extend this opinion.

We find no error in the record. The judgment of the trial court is affirmed.