No. 35,458

.R. T. Foss, *Appellee,* v. S. G. WILES, as Executor, etc., et al.,
*Appellants.*

(124 P. 2d 438)

Opinion filed April 11, 1942.

Roscoe E. Peterson, of Larned, argued the cause, and Russell L. Strobel, of Larned, and Evart Garvin and Morris Garvin, both of St. John, were on the briefs for appellants.

Vincent G. Fleming, of Larned, argued the cause, and W. H. Vernon, of Larned, was on the briefs for appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for the specific performance of an oral contract whereby it was alleged the decedent had agreed to leave all of his real estate and most of his personalty to the plaintiff, in consideration of services, and to set aside all provisions of his will, except one, which were at variance with the alleged contract. Defendants, the executor of decedent's estate, and all devisees and legatees, except one, appeal from the order overruling their joint demurrer to the petition.

The action was brought in the district court of Pawnee county, April 30, 1941. The petition, insofar as important, in substance alleged: Decedent's last will was executed March 28, 1940, and was admitted to probate October 4, 1940, in the probate court of Stafford county, the county of decedent's residence. Plaintiff was a resident of Pawnee county. The land involved was situated in Pawnee county and plaintiff was in the actual possession thereof. The personalty, in the sum of approximately $14,000, was in the possession and under the control of the executor in Stafford county. The alleged contract was originally entered into by plaintiff and decedent in 1928. Under its terms plaintiff and his wife were to make a home for decedent on his farm by furnishing the labor and supervising the operation of the farm. Decedent was a bachelor and then about sixty-five years of age. Plaintiff performed the contract and also furnished some equipment and made certain improvements on the farm. In 1929 decedent made a will which was in substantial compliance with the alleged agreement, except that it contained a bequest in the sum of $3,000 to one May Tickell. Plaintiff was advised concerning that particular bequest, agreed to it and continued in the performance of the contract. Plaintiff did not have a copy of that will and believed it had been lost or destroyed. Under the terms and provisions of the last will, now in question, all former wills were revoked. Three thousand dollars

was therein bequeathed to May Tickell, but all other property, both real and personal, was devised and bequeathed to persons other than the plaintiff.

It was in substance further alleged: Plaintiff's performance could not be compensated in money. The will constituted a cloud upon plaintiff's title to the real estate. Except for the bequest to May Tickell and the provisions for the payment of debts of the estate and the expenses of administration, the will should be vacated and set aside and plaintiff should be declared to be the owner and entitled to the possession of the real and personal property of decedent's estate.

The petition also requested that in the event it was found impossible to decree specific performance, that then and in that event plaintiff should be granted a money judgment in the alternative.

While the demurrer was based upon five separate grounds, the principal ground urged by defendants is that the district court was without jurisdiction to entertain the action. They insist it was the intent and purpose of the new probate code to confer exclusive original jurisdiction upon probate courts over all matters which pertain to both the settlement and distribution of decedent estates, except where that code otherwise provides. Defendants also maintain the action, for all practical purposes, constituted a contest of the will for the reason that the action, if successful, would result in vacating and setting aside the provisions of the will whereby the testator sought to devise and bequeath to them all of the real estate and all of the personalty, except the $3,000 bequeathed to May Tickell. Defendants contend, under the new probate code, a will contest action can be brought only in the probate court of the county in which the will is probated.

On the other hand, plaintiff contends probate courts have no equitable jurisdiction and that the venue of the instant action is fixed in the district court of the county in which the land is situated by G. S. 1935, 60-501, which, so far as here material, reads:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section: First, for the recovery of real property, or of any estate or interest therein, or for the determination in any form of any such right or interest, or to bar any defendant therefrom. . . ."

Plaintiff argues this statute contains no exception and that none can be read into it. In support of his contention he cites the case of

*Patterson v. Mitchell,* 135 Kan. 585, 11 P. 2d 1022, in which it was held the statute made no exception in the case of an action brought by a receiver who had been appointed by the district court of a county other than that in which the land was situated and that the receiver was obliged to bring the action in the county where the land was situated. Numerous prior decisions are cited in that opinion in support of the rule that actions for the recovery of real property, or of any estate or interest therein, or for the determination in any form of such right or interest, must be brought in the county where the real property is situated.

In support of plaintiff's contention he also relies upon the case of *Smith v. Miller,* 147 Kan. 40, 75 P. 2d 273, in which it was held an injunction action by a lower riparian landowner was properly brought against an upper riparian owner in the district court of the county where the injuries to plaintiff's land occurred. Plaintiff cites other similar cases. None of those cases, however, involved the settlement or distribution of decedent estates; and they were all decided prior to the adoption of the new probate code which became effective July 1, 1939. (G. S. 1939 Supp. 59-2602.) Plaintiff cites other cases, such as *In re Estate of Hutchison,* 151 Kan. 333, 99 P. 2d 992; *Johnson v. Soden,* 152 Kan. 284, 103 P. 2d 812, and *Paton v. Paton,* 152 Kan. 351, 103 P. 2d 826. Jurisdiction of the probate court had not been invoked in the Johnson case, and the decision in nowise involved the provisions of the new probate code. The only question there presented pertained to the sufficiency of the evidence to establish the pleaded oral contract. In the Hutchison case the appeal in the district court was tried before the new probate code became effective. The only issue presented on appeal in the Paton case was whether the contract pleaded was unenforceable under the statute of frauds.

Plaintiff also claims this court, by decisions subsequent to the adoption of the new probate code, has decided that district courts have jurisdiction to determine equitable questions pertaining to decedent estates, and cites *Mirise v. Rathbun,* 152 Kan. 441, 104 P. 2d 420; *Grinnell State Bank v. Fellhoelter,* 153 Kan. 554, 112 P. 2d 116; *Leidigh & Havens Lumber Co. v. Wyatt,* 153 Kan. 214, 109 P. 2d 87, and *West v. Sims,* 153 Kan. 248, 109 P. 2d 479.

The Mirise case was determined by the provisions of the old probate code and is not in point. It was there held:

"An action brought in the district court April 14, 1939, under G. S. 1935,

22-223, to contest an order of the probate court of January 7, 1939, refusing to admit a will to probate, was not abated by the enactment of the Kansas probate code, effective July 1, 1939, which repealed G. S. 1935, 22-223." (Syl.)

In the instant case the will, as disclosed by plaintiff's petition, was both executed and probated after the effective date of the new code.

The Grinnell State Bank case was an action in the district court to enforce a lien on the property of a decedent who at the time of his death and at the commencement of the administration of his estate in the probate court was a shareholder of an insolvent state bank. Administration of his estate was commenced under the old probate code. The decision is not authority for plaintiff's contention that the instant action was properly brought in the district court under the new probate code but, on the contrary, it is authority for the proposition that the action by the Grinnell State Bank was properly brought in the district court under the old probate code.

The Leidigh & Havens Lumber Company case involved the foreclosure of a materialman's lien. We there reviewed applicable provisions of the new probate code and held, under express statutory provision of the new code, that action in the district court constituted a demand legally exhibited. We may pause to state that was also the rule under the old code. The materialman's lien constituted security for plaintiff's money demand against the estate. Furthermore, the new probate code expressly authorizes a claimant to exhaust his security before making demand for any balance which may remain due after exhausting his security. (G. S. 1939 Supp. 59-1303.) It also may be noted the instant action was not brought upon the theory plaintiff had a demand for money, secured or unsecured, against the estate. He expressly pleaded his claim could not be compensated in money. His petition was clearly predicated upon the theory he was the owner of the real estate and most of the personalty of decedent's estate. Furthermore, he conceded his alleged interest was subject to the payment of both decedent's debts and the expenses of administration. The lumber company case is not authority for plaintiff's contention that the instant case was properly brought in the district court.

In the West case no will had been probated. Manifestly, the estate was not being settled or distributed pursuant to a will over which the probate court had assumed and was exercising jurisdiction. While the pleadings in the West case raised the question of the jurisdiction of the district court to entertain the action for spe-

cific performance of the oral contract and although the trial court ruled upon that issue, appellants did not include that ruling in their specifications of error and the question of jurisdiction was not decided or discussed by this court.

It thus becomes necessary to ascertain the intent and purpose of the framers of the new probate code. It is the last expression of legislative intent with respect to jurisdiction, procedure and remedies touching the particular subject of settlement and distribution of decedent estates.

Before we undertake to deal with specific provisions of that code, touching jurisdiction, it will be well to bear in mind the important fact that when the instant action was filed in the district court of Pawnee county, the probate court of Stafford county had long since assumed and was then exercising jurisdiction over this entire estate, including both real and personal property.

Long prior to the adoption of the new probate code it was well established that if a party had a plain and adequate remedy by an ordinary legal proceeding in the probate court to obtain the desired relief, he could not invoke the jurisdiction of any district court to accomplish the same purpose. (*Correll v. Vance,* 127 Kan. 840, 275 Pac. 174; *Holmes v. Conway,* 128 Kan. 430, 278 Pac. 8; *Shuckrow v. Maloney,* 148 Kan. 403, 411, 412, 83 P. 2d 118.) Defendants contend, under the new code, probate courts are granted the right to exercise such original equitable powers as may be necessary and proper to fully hear and determine any matter which pertains to the settlement or distribution of decedent estates, except as to particular matters over which that code confers jurisdiction upon the district court. If at the time plaintiff commenced his action in the district court he had a remedy in the probate court for the desired relief, he manifestly could not ignore the court which was then properly exercising original jurisdiction over the estate.

Before analyzing the new probate code we desire to return again to the provisions of G. S. 1935, 60-501, which is the basis of plaintiff's contention that the civil code makes the district court of the county where real property is situated the forum for the recovery of real property or any interest therein. The second subdivision of that same statute provides that actions for partition of real estate must be brought in the county in which the subject of the action is situated. This court recently had occasion to consider that statute in a partition suit, involving a decedent's estate, which was decided

in the district court of Thomas county prior to the adoption of the new probate code. That was an action by an heir to obtain partition of land situated in Thomas county. (*Page v. Van Tuyl*, 150 Kan. 285, 92 P. 2d 110.) The estate was then in process of administration in the probate court of Butler county, decedent's residence. His lands were situated in various counties. The administrator and two groups of heirs filed motions to dismiss the partition suit in the district court of Thomas county upon the ground the probate court, under the then newly enacted statute, G. S. 1937 Supp. 22-736, and under an order of the probate court of Butler county made pursuant to the 1937 law, had drawn unto itself and its administrator all of the property of the decedent to the exclusion of every other court, prior to the filing of the partition suit. The motion to dismiss the action was overruled by the district court and that ruling was reversed by this court. We held:

"Since the enactment of chapter 219 of the Laws of 1937 (G. S. 1937 Supp. 22-735 *et seq.*) the probate court having jurisdiction to administer an intestate estate, upon proper showing, may draw to itself the administration of the real property as well as the personal property of the decedent; and in such case its jurisdiction of the entire estate is exclusive, and during the pendency of its administration an action for partition of the real estate except as sanctioned by section 4 of the act (G. S. 1937 Supp. 22-738) cannot be maintained in any district court by an heir or devisee of the decedent." (Syl.)

G. S. 1937 Supp. 22-738, provided:

"Whenever the court shall be satisfied that any real estate need not be sold or leased for the payment of debts of the estate, legacies, or costs of administration, the executor or administrator may be ordered to deliver possession of the same to those entitled to it as heirs or devisees."

In the Page case, *supra*, Chief Justice Dawson carefully reviewed the contrary decisions of this court prior to the 1937 law. He also called attention to the long and patient efforts of the Kansas Judicial Council which finally resulted in the enactment of the 1937 law, and to some of the purposes of that legislation (p. 288). Those matters need not be repeated here. In the opinion it was said:

"It is needless to extend discussion on the legal question at issue. The history of the proposed legislation and its eventual enactment make it clear that the legislature intended to and did make a very material change in the law relating to the disposition of decedent's estates, and to that end it conferred on the probate court original and exclusive jurisdiction of a decedent's real estate whenever the welfare of the estate under administration so requires, and the order of the probate court on that subject cannot be gainsaid in another action nor before another court, except by a direct appeal." (p. 289.)

In the new probate code of 1939 the lawmakers expanded even the 1937 act and expressly gave the executor or administrator the unconditional possession of all property of a decedent's estate, except the homestead and allowances to the surviving spouse and minor children.   (G. S. 1939 Supp. 59-1401.)   The same statute prescribes specific rights and duties of the executor or administrator with respect to the possession, management and control of the real estate.

G. S. 1939 Supp. 59-301, prescribes the jurisdiction and general powers of probate courts.   That statute in part provides:

"The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction:

"(3) To direct and control the official acts of executors and administrators, to settle their accounts, and to order the distribution of estates.

"(5) To determine the heirs, devisees, and legatees of decedents.

"(11) Such other jurisdiction as may be given them by statutes pertaining to particular subjects.

"(12) And they shall *have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts.*"   (Emphasis supplied.)

From the various provisions of the code it clearly appears the probate court had original and exclusive jurisdiction, not only of the personalty but also of all real property which belonged to decedent's estate.   It was exercising that jurisdiction at the time the instant action was filed.   Under the law it was required to determine and describe the property and to state the proportion or part thereof to which each heir, devisee and legatee was entitled, and that decree was binding as to *all of the estate* of the decedent, whether specifically described in the proceedings or not.   (G. S. 1939 Supp. 59-2249.)   The probate court could not distribute the estate properly, pursuant to statutory direction, without first settling the questions which were germane to the subject of distribution.   Under the provisions of G. S. 1939 Supp. 59-301, that court was expressly granted original jurisdiction and authority to exercise such equitable powers as might be necessary and proper fully to hear and determine any matter properly before it.   The matter of the settlement and distribution of the entire estate were properly before it and its original jurisdiction over those matters could not be circumvented by plaintiff filing an independent action in the district court.   If plaintiff

believed his equitable rights were not properly protected by the decision of the probate court his remedy under the code was an appeal to the district court of the county of the probate court. (G. S. 1939 Supp. 59-2403.) The new code gives the district court on appeal the same general jurisdiction and powers as though the controversy had been commenced by action or proceeding in the district court and as though it *would have had* original jurisdiction of the matter. (G. S. 1939 Supp. 59-2408.) Plaintiff is therefore denied no equitable right in or to a decedent's estate when required to present his equitable claim in the probate court.

This court recently had occasion to consider the various provisions of the new probate code in the case of *Erwin v. Erwin,* 153 Kan. 703, 113 P. 2d 349. That case was governed by the new code. The question presented was whether the probate court was obliged to distribute the property of decedent's estate under the law of descent and distribution or whether it had original jurisdiction to settle the estate under the terms of a written contract of the heirs and to distribute it accordingly. We held the new probate code settled the issue and that it gave the probate court original jurisdiction to settle and distribute the estate in accordance with the contract and that the aggrieved party had a clear remedy by appeal to the district court. It was also there said:

"Such contracts have been enforced frequently by probate courts, whether they provide distribution upon a plan different from that prescribed by the statute of descent and distribution or the statute of wills. (*Myers v. Noble,* 141 Kan. 432, 41 P. 2d 1021; *Hirt v. Bucklin State Bank,* 153 Kan. 194, 109 P. 2d 171, and cases therein cited.) *The modern tendency is to extend the jurisdiction of the probate court in respect to matters incident and ancillary to the exercise of its recognized jurisdiction.* (15 C. J. 1012; 21 C. J. S., §§ 301, 304,; *In re Osborn's Estate,* 99 Kan. 227, 229, 161 Pac. 601; *Myers v. Noble,* supra, pp. 436, 437.)" (p. 707.) (Emphasis supplied.)

A careful study of the provisions of the new probate code leads us to conclude it was the intent and purpose of the framers of the Kansas probate code and of the legislature which enacted it to grant to probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates, except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts.

It is sometimes suggested probate judges are not required to be lawyers, that they have no knowledge of equitable principles or powers and, therefore, should not be permitted to attempt to exercise

them. By the same token it also might be suggested that they should not be permitted to apply legal principles. Those matters are subjects for legislative rather than judicial concern.

Frequently, as disclosed by some of the cases herein cited, a person dies possessed of lands situated in various counties. If a person claiming title to all of a decedent's lands by virtue of an oral contract with the decedent may file a suit for specific performance in the district court of one county where some of decedent's land is situated and ignore the probate court which is vested with and is already exercising jurisdiction over all of decedent's lands, then such person may file similar suits in a dozen or more counties, depending upon the number of counties in which decedent's lands are located. The result would be a multiplicity of suits and appeals and possibly a variety of conflicting decisions with respect to the title to land belonging to a single estate. We think the lawmakers intended to correct that evil. It must be borne in mind that the executor or administrator, under order of the probate court, now has authority to lease decedent's land for a term of not more than one year (G. S. 1939 Supp. 59-1409), and to sell the whole or such part of the land as necessity and the interests of the estate require (G. S. 1939 Supp. 59-1412).

Defendants' second contention in support of their demurrer is that the instant action is tantamount to a contest of the will and that an original contest action, under the new code, cannot be filed in the district court. It is true the provision of the old code, G. S. 1935, 22-223, which authorized the filing of an action to contest a will in the district court of the county in which the will had been admitted to probate, has been repealed. (Laws 1939, ch. 180, § 280.) Manifestly, the will and the oral contract under which plaintiff claims title to decedent's property cannot be harmonized. One or the other must fall. The will had been probated. Plaintiff, by the instant action, challenged the validity of the will to pass title to the property therein described to the persons therein designated. In order for plaintiff to recover he was obliged to get rid of the probated will pursuant to which the estate was being administered. We have repeatedly ruled that an action which in effect contests the will is a will contest action and must be brought as such under the contest statute or not at all. (See *Axe v. Wilson,* 150 Kan. 795, 804, 96 P. 2d 800, and the numerous cases therein cited.) Those are only a few of the cases which might be cited in support of the well-estab-

lished rule in this state. That rule denies plaintiff no right based upon any theory, legal or equitable. It simply determines his remedy. (*Axe v. Wilson,* supra, p. 804.) It is equally well established in this state that the rule applies where a party, in contravention to the terms of a will, seeks to establish his title to the property of a decedent's estate on the theory of a constructive trust. (*Axe v. Wilson,* supra, pp. 804, 805, and cases there cited.) The instant action was in effect a contest of the will. The probate court alone now has original jurisdiction of such an action and the remedy of a party dissatisfied with its decision is an appeal to the district court of the county of the probate court.

It is not necessary to consider other grounds of the demurrer. The order overruling defendants' demurrer to the petition is reversed and the cause is remanded to the district court with directions to sustain the demurrer as to all defendants.

Allen, J., dissents.
Hoch, J., not participating.