No. 35,481

R. M. SWISHER, *Appellee,* v. MARTHA D. BOUSE et al., *Appellants.*

(130 P. 2d 565)

Opinion filed November 7, 1942.

*Edward Rooney,* of Topeka, argued the cause, and *Jacob A. Dickinson,* of Topeka, and *M. A. Bender,* of Holton, were on the briefs for the appellants.

*Walker F. Means,* of Hiawatha, argued the cause, and *Albert M. Cole,* of Holton, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to specifically enforce an agreement to make a will, and from an adverse judgment the defendants appeal.

The action was commenced in the district court on March 9, 1940, against the executors of the estate of Katharine Drake Schoonmaker and her heirs at law and the legatees named in her will.

The gist of the petition was that Mrs. Schoonmaker, in consideration of the performance of certain services by the plaintiff, had orally agreed with him that she would give to him by her will a

life estate in certain real estate, as well as certain personal property; that on February 25, 1939, she had made a will in which she recognized the oral agreement, and that a petition was on file in the probate court praying for the admission of that will. It was further alleged that a second will, dated March 1, 1939, had been admitted to probate, which will was in utter disregard of plaintiff's rights and was made when the testatrix was mentally incapacitated and was not her last will and testament. Defendants' demurrer to the petition was overruled and they answered.

A trial was had, and on September 4, 1941, the court rendered judgment that plaintiff was entitled to possession of the real estate during his lifetime, free and clear of encumbrances as of March 7, 1939. Defendants' motion for a new trial was denied. On motion by plaintiff, the trial court heard evidence as to rents collected by the executors, and later rendered a money judgment in favor of plaintiff and against the executors, for $503.65, and further directed the executors to pay into the district court of Brown county, Kansas, the sum of $2,992.31, to redeem the lands from a certain sheriff's sale. Defendants' motion for a new trial of this matter was denied. Defendants have appealed from the several rulings and have specified error based thereon.

At the trial of the action the files of the probate court of Jackson county, Kansas, in the estate of Katharine Drake Schoonmaker, were introduced in evidence. From these files the following is adduced: Mrs. Schoonmaker died March 7, 1939. On March 10, 1939, her will, dated March 1, 1939, was duly admitted to probate and executors were appointed. On March 9, 1940, an appeal from that order was taken to the district court, and on September 4, 1941, the appeal was denied. No appeal to this court from that judgment was ever perfected. On March 9, 1940, being the same day the instant action was commenced, a petition was filed in the probate court for probate of a will dated February 25, 1939. This petition was denied, and an appeal taken to the district court, which on September 4, 1941, sustained the probate court. No appeal from that order was taken to this court.

A résumé of the above discloses that the will dated March 1, 1939, was admitted to probate March 10, 1939, and that no attempt was made to appeal from the order of probate until March 9, 1940. The will was admitted prior to the adoption of the new probate code. Under the old code, the appeal could be taken only within thirty

days. (See G. S. 1935, 22-1102, and *In re Estate of Pennington,* 154 Kan. 531, 119 P. 2d 488.) If the case were governed by the new probate code, the appeal should have been taken within nine months. (G. S. 1941 Supp. 59-2404.) The attempt to appeal was too late. The probate of the will of March 1, 1939, was a finality before the present suit was instituted.

It may also be observed with respect to the will dated February 25, 1939, that the testatrix died March 7, 1939, and application for admission to probate of that will was not made until March 9, 1940. That was more than one year after the death of the testatrix and too late under G. S. 1941 Supp. 59-617. We need not here notice appellee's claim that the document, even if not good as a will, may nevertheless be good as evidence of the contract pleaded.

The substance of the appellant's contentions is that after July 1, 1939, the effective date of the new probate code, the district court had no jurisdiction to entertain an action, originally filed in that court, for specific performance and for an accounting. In support, appellants rely almost wholly on *Foss v. Wiles,* ante, p. 262, 124 P. 2d 438, which was decided after the judgment was rendered from which the present appeal lies. That case involved a question quite similar to the one at bar, with the exception the will was admitted to probate after the new probate code became effective. In that case a review was made of many of our decisions treating the question of the jurisdiction of the district and probate courts to determine equitable questions pertaining to decedent's estates, and recognizing the rule that if a party had a plain and adequate remedy in the probate court he could not invoke the jurisdiction of the district court to accomplish the same purpose. It was held, in substance, that under the probate code, probate courts now have exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of estates, except as to matters over which that code expressly confers concurrent jurisdiction upon district courts, and further that when a party has an adequate remedy for equitable relief in the probate court in an estate in which that court is then exercising jurisdiction, the party may not invoke the jurisdiction of a district court to accomplish the same purpose. Since the instant case was submitted this court handed down its decision in *Yeager v. Yeager,* ante, p. 734, 129 P. 2d 242, in which *Foss v. Wiles,* supra, was approved and followed. Appellee concedes that *Foss v. Wiles,* supra, would "appear to be conclusively against

appellee's position in this appeal" and he attempts to distinguish that case from the one at bar. After directing attention to the fact that the testatrix died prior to the effective date of the new probate code, he directs our attention to the fact that attempted appeals to the district court from the order admitting to probate the will dated March 1, 1939, and the order refusing probate of the will dated February 25, 1939, were decided on the same day as the case at bar, and before *Foss v. Wiles,* supra, had been decided, and that he could have been given relief in one of those appeals had he not received judgment in the case at bar. We are asked to ignore "technicalities" and apply equitable principles upon the whole record. It has been observed that no appeal was taken in time from the order admitting the will of March 1, 1939, and the district court was without power to entertain it, and that the application for probate of the will of February 25, 1939, was made too late, so that the probate court was without power to entertain it. Both of these situations were existent when the case at bar was commenced. The fact the district court acted on the attempted appeal in the first situation and on the fruitless appeal in the second situation, on the same day it rendered judgment in the case at bar, presents no occasion for this court to say the judgment of the trial court was in furtherance of equity and should be sustained.

We note also appellee's argument that his claim was one which did not necessarily involve the contest of a will. The argument is fully answered by what is said in *Foss v. Wiles,* supra, and *Yeager v. Yeager,* supra.

We think it advisable to refer to two cases, not mentioned in the briefs, and to show their inapplicability. It has been noted that the will of March 1, 1939, was admitted to probate on March 10, 1939, and that the instant action was filed on March 9, 1940, or within one year. Under the old code an action to contest might be brought in the district court within one year. (G. S. 1935, 22-223.) Prior to 1925 the above statute provided a two-year period. *Serrault v. Price,* 125 Kan. 548, 265 Pac. 63, involved an action to contest begun September 1, 1926, of a will probated September 12, 1924, and it was there held the amendment shortening the period and repealing the original section did not deprive interested parties of the rights which accrued to them under the law in force when the will was probated. In *Mirise v. Rathbun,* 152 Kan. 441, 104 P. 2d 420, an action to contest a will had been begun in the district court prior

to the effective date of the new probate code. It was contended that when the probate code took effect, necessarily the pending action was abated. This court denied the contention. We think these cases are not in point. Under the new probate code, it is expressly provided the rules of procedure prescribed shall apply to all further procedure in probate proceedings then pending except to the extent that in the opinion of the probate court their application would not be feasible or would work injustice. (G. S. 1941 Supp. 59-2602.) No such order was made in the case at bar, and for aught that appears the administration of the estate was carried on under the new probate code. Further than that, the probate code not only repealed G. S. 1935, 22-223, providing for separate actions in the district court, but it placed the jurisdiction in the probate court, and that situation obtained when the instant action was commenced.

It follows from what has been said the district court was without jurisdiction of the action, that all the proceedings were erroneous, and that the judgments must be set aside. It is so ordered.

ALLEN, J., dissents on the grounds stated in his dissenting opinion in *Yeager v. Yeager,* ante, pp. 734, 736, 129 P. 2d 242.