No. 35,659

CLIFFORD BEHEE, a Minor, by ENCIL COLE, His Next Friend and Legal Guardian, *Appellee,* v. WALTER E. BEEM, SHERMAN D. BEEM, ANNA FOLEY and JEWELL BEEM, the Heirs at Law of Samuel Beem, Deceased, and CHARLES SMOCK, Administrator of the Estate of Samuel Beem, Deceased, *Appellants.*

(131 P. 2d 675)

Opinion filed December 12, 1942.

*C. W. Spencer,* of Sedan, argued the cause, and *E. H. Boyd* and *W. H. Metz,* both of Alliance, Neb., were on the briefs for the appellants.

*J. W. Dalton,* of Sedan, argued the cause for the appellee.

The opinion of the court was delivered by ·

SMITH, J.: This was an action to compel the specific performance of an oral contract wherein it was alleged that the decedent had agreed to leave all his property to the plaintiff in consideration for services rendered. Judgment was for the plaintiff. The defendants have appealed.

The action was brought in the district court of Chautauqua county. The petition alleged that certain defendants were the sole heirs of one Samuel Beem; that Beem had died intestate; that plaintiff and Beem had entered into a contract whereby it was agreed that if plaintiff would stay with Beem and work for him until he died he would leave plaintiff all of his property. The petition also alleged that plaintiff did perform the contract; that Beem died about the 23d of January, 1941; did not leave a will; had not carried out the contract, and that the defendants had refused to perform the contract.

The prayer was that the contract be adjudged to have existed between plaintiff and Beem and that the specific performance of it be decreed and that plaintiff be adjudged to be entitled to all the estate of Beem, subject to all legal claims against it.

The defendants demurred to this petition and the demurrer was overruled. The defendants answered, denying generally and specifically the allegations of the petition. ··

The case was tried by the court with the assistance of a jury.

At the conclusion of plaintiff's evidence the defendants demurred to the evidence on the ground that facts sufficient to constitute a cause of action had not been proven. This demurrer was overruled.

Special questions were answered by the jury. Defendants filed a motion for judgment on these answers. This motion was overruled. Judgment was rendered for the plaintiff on February 4, 1942.

The defendants filed a motion for a new trial and it was overruled on February 26, 1942. Notice of appeal was served and filed April 24, 1942, two months and twenty days after the judgment was rendered, and within two months after the ruling on the motion for a new trial.

At the outset it should be stated that all parties agree that the estate of Samuel Beem was in process of administration, that is,

Mr. Beem died intestate January 24, 1941, and the administrator of his estate was appointed February 14, 1941. This action was begun October 24, 1941.

It was necessary that the title to the real estate and other property in question be settled before there could be a proper administration. This action put in question the title to certain real estate of the deceased. Under such circumstances the rule announced in *Foss v. Wiles*, 155 Kan. 262, 124 P. 2d 470; *Dixon v. Fluker*, 155 Kan. 399, 125 P. 2d 364; *Swisher v. Bouse*, 155 Kan. 797, 130 P. 2d 565, and *Yeager v. Yeager*, 155 Kan. 734, 129 P. 2d 242, is controlling.

It should be noted that the opinions in the above cases had not been published when this case was being decided in district court.

It will be observed from an examination of these opinions, however, that this court has categorically held that the exclusive, original jurisdiction of an action to compel the performance of an oral contract alleged to have been made with a decedent to convey any part or all of his property is in the probate court, and nowhere else.

Plaintiff recognizes that the above rule has been announced in this state. He seeks to avoid it, however, first, by an argument that this appeal was not filed in time. He argues that the appeal was only in time as to the order overruling the motion for a new trial and not in time for an appeal from the judgment. He then argues that the question upon which the court passed in the above cases was not raised in the motion for a new trial.

One of the grounds of the motion for a new trial was erroneous rulings or instructions of the court. This would be sufficient to challenge the attention of the court to the correctness of its ruling upon the demurrer to the petition.

Furthermore, we have jurisdiction on account of the appeal that was taken from the order overruling the motion for a new trial, and since the case is here on appeal we shall examine any question challenging the jurisdiction of the trial court as this does. If the trial court had no jurisdiction of the subject matter of the action then the entire judgment was void.

In 23 Words and Phrases, 409, the words "Jurisdiction of the Subject Matter," are described as follows:

"'Jurisdiction of the subject-matter' is the power to inquire and adjudge whether the facts of a particular case make that case a proper one for jurisdictional consideration by the judge before whom it is brought. It is the power

to decide concerning the general question involved, and not the exercise of that power. It is the power to decide, regardless of whether that decision be right or wrong. In Illinois county court has 'jurisdiction of subject-matter' of proceeding to sell decedent's realty to pay decedent's debts. Smith-Hurd Stats. Const. Ill. art. 6, § 18. *Montgomery v. Equitable Life Assur. Soc. of U. S.*, C. C. A. Ill., 83 F. 2d 758, 761."

The brief of defendants gives many more definitions for "subject matter of the action," but the above definition is deemed sufficient for our purpose.

We have held in the four cases cited that the district court had no jurisdiction except on appeal from the probate court to enforce such a contract as the one of which we are speaking.

The plaintiff next argues that defendants waived the question of the lack of jurisdiction of the district court by not raising it in their demurrer to the petition. Where there is no jurisdiction of the subject matter of the action the lack of jurisdiction cannot be waived. In 14 American Jurisprudence, 367, the rule is laid down as follows:

"A universal principle as old as the law is that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property. In other words, a court without jurisdiction over a case cannot enter judgment in favor of either party. It can only dismiss the case for want of jurisdiction. Hence, it is a principle of natural justice that before the rights of an individual can be bound by judicial sentence, he shall have notice, either actual or constructive, of the proceedings against him, or, in other words, that the court shall have jurisdiction. A judgment will not be entered against a party not brought before the court. This rule applies alike to personal actions and proceedings in rem, although as to proceedings in rem personal service on a party is not ordinarily an absolute necessity for the purpose of binding the property."

Also, note 21 C. J. S., p. 161, where the rule is laid down as follows:

"Jurisdiction of the subject matter cannot be conferred by estoppel; but one who invokes or consents' to a court's jurisdiction is estopped to question it on any ground other than the court lacks jurisdiction of the subject matter.

"Jurisdiction of the subject matter cannot be conferred upon a court by, or be based on, the estoppel of a party to deny that it exists."

Plaintiff concedes that the general rule is, as has been stated, as to whether the lack of jurisdiction of the subject matter may be waived. He argues, however, that there is an exception to this rule. He points out that the exception is—

"Where a court has general jurisdiction of a class of cases, an objection that, because of irregularities or other special circumstances, it had no juris-

diction of a particular case belonging to that class, or that it had no jurisdiction to render the particular judgment, must generally have been made in the court below."

The above rule is taken from 3 C. J. 753; 4 C. J. S. 507.

It was not in point here, however, because the class of cases with which we are dealing involves the enforcement of a contract with a decedent to bequeath property in return for services. We have demonstrated that district courts have no jurisdiction over cases of that class except on appeal from probate court. Hence, the general rule laid down in the first part of the paragraph quoted applies to this case. That rule is as follows:

"Consent of parties cannot give a court jurisdiction over the subject matter of an action; and, therefore, the question of jurisdiction of the subject matter may, as a rule, be raised for the first time in the appellate court, or the court may, on its own motion, take notice of such want of jurisdiction, unless there is a statutory provision to the contrary. The rule also applies to the objection that a board of supervisors or other like tribunal had no jurisdiction, and to an objection on the ground of want of jurisdiction of an intermediate court on appeal from a decision of a board." (3 C. J. 752.) (See, also, 4 C. J. S. 506.)

The plaintiff cites and discusses many authorities and argues that they compel a different conclusion than has been reached here. We have examined those authorities and find them to be not in point.

The judgment of the trial court, therefore, will be reversed with directions to dismiss the action.

ALLEN, J. (dissenting): My reasons are set forth in my dissenting opinion in *Yeager v. Yeager,* 155 Kan. 734, 736, 129 Pac. 232.