No. 35,966

In the Matter of the Estate of G. F. Grattan, Deceased. (EMMA HOWES HUTCHINSON, MARIE HOWES HOLBERT and CHARLES E. HOWES, *Appellants*, v. ERNST F. PIHLBLAD, Executor of the Estate of G. F. Grattan, Deceased, BETHANY COLLEGE, McPHERSON COLLEGE, and BETHEL COLLEGE, *Appellees*.)

(139 P. 2d 835)

Opinion filed July 10, 1943.

*Evart Mills,* of McPherson, argued the cause, and *Kenneth L. Hodge,* of McPherson, was on the briefs for the appellants.

*E. R. Sloan,* of Topeka, argued the cause, and *James A. Cassler, Paul A. Lackie, J. R. Rhodes* and *George R. Lehmberg,* all of McPherson, and *W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether proceedings to establish a claim against a decedent's estate were barred by the provisions of the probate code.

There is no dispute of fact. G. F. Grattan, a resident of McPherson, Kan., died August 30, 1941, and on September 4, 1941, a petition was filed for probate of his will. On September 26, 1941, Paul E. Sargent was appointed as special administrator, the appointment to remain in force until letters testamentary or of administration were granted or unless sooner revoked by the court. The will was admitted to probate on November 4, 1941, and on November 6, 1941, Jay Crumpacker was appointed as executor. He duly qualified, and notice of his appointment was first published on November 6, 1941, subsequent publications being made on November 13 and 20. On November 7, 1941, adverse parties appealed to the district court from the order appointing Crumpacker as executor, and on January 16, 1942, the appointment of Crumpacker was affirmed by the district court. On February 24, 1942, Sargent paid to Crumpacker all of the money and property in his hands and was discharged. On

March 9, 1942, the adverse parties filed a notice of appeal to the supreme court from the judgment of the district court of January 16, 1942. Later and on November 7, 1942, the appeal was disposed of in this court, which directed that Crumpacker's appointment be set aside and that Ernest F. Pihlblad be appointed as executor. (See *In re Estate of Grattan,* 155 Kan. 839, 130 P. 2d 580.) Thereafter and on January 2, 1943, the probate court appointed Ernst F. Pihlblad as executor, and he duly qualified and published notice of his appointment under dates of January 6, 13 and 20, 1943.

In the interval between this court's reversal of the trial court on the Crumpacker appointment and the later appointment of Pihlblad as executor by the probate court, and on November 30, 1942, Emma Howes Hutchinson, Marie Howes Holbert and Charles E. Howes filed in the probate court their petition for the allowance of a demand against the estate, and also a petition alleging there was no validly appointed executor or administrator and asking for the appointment of a special administrator in order that they might present their claim. The petition for allowance of demand alleged a part of the history of the estate and that G. F. Grattan had orally agreed with Lou Howes Grattan that if she would not make a will leaving her property to the petitioners he would either give or leave to each of the petitioners the sum of $10,000, and that Lou Howes Grattan accepted the promise of G. F. Grattan and refrained from making such a will, and that G. F. Grattan failed to pay such moneys to petitioners in his lifetime and failed and neglected to make any such provision in his will, to the damage of each petitioner in the sum of $10,000. They asked to be allowed $30,000 and interest from the date of his death. To this petition the executor and the residuary legatees under the will answered, denying all allegations of the petition not admitted. The admissions concern death of Grattan, admission to probate of his will, appointment of Crumpacker as executor and that he published notice of his appointment. The executor and residuary legatees further answered that petitioners knew and had actual knowledge of Grattan's death; that his will was admitted to probate; that Crumpacker had been appointed as executor and had published notice of his appointment; but notwithstanding had not filed their claim for more than one year after admission of the will to probate and appointment of the executor and the same was barred by the statute of limitations. The probate court disallowed the claimants' demand and they appealed to the district court. In the district court the

executor and residuary legatees filed their motion for judgment on the pleadings on the ground they disclosed the claim was barred by the statute of nonclaim in that it was not exhibited within nine months after the date of first publication of notice to creditors; that the claimants did not within one year after the death of Grattan ask for the appointment of an executor or administrator for the purpose of filing their claim, and that more than one year had elapsed after the death of Grattan before the claim was filed or exhibited; that the claim was barred by the statute of limitations and that it was barred by the statute of frauds. On the hearing the district court sustained the motion and rendered judgment for the executor and residuary legatees. In due time the claimants appealed to this court, their specifications of error and brief covering the matters hereafter discussed.

Inasmuch as all questions herein arise under the probate code (G. S. 1941 Supp., ch. 59) we shall hereafter refer only to the chapter and section numbers.

Primarily two sections of the probate code are involved in the present appeal. The first is 59-2239, which for our purposes reads as follows:

"All demands . . . against a decedent's estate . . . not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment. . . . No creditor shall have any claim against or lien upon the property of a decedent . . . unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed."

The gist of appellants' contention the trial court erred in holding their claims were barred by the nonclaim statute is that Grattan's will was admitted November 4, 1941, and Crumpacker was appointed executor on November 6, 1941, and published notice of his appointment on November 6, 13 and 20, 1941; that appeal from his appointment was taken to the district court on November 7, 1941, the effect thereof being to suspend operation of the order by reason of 59-2407 which provides, in part:

"Effect of appeal. . . . the appeal shall suspend the operation of the order . . . appealed from until the appeal is determined. . . ."

that after the appeal was determined the judgment on appeal was not certified to the probate court as required by 59-2409, until December 28, 1942, at which time the probate court was directed to appoint Pihlblad as executor; that Pihlblad was so appointed by

the probate court on January 2, 1943, and published notice of his appointment on January 6, 13 and 20, 1943, and their demand having been filed on November 30, 1942, it was not barred.

Appellants first contend that an executor may not publish notice of his appointment after the order of appointment has been appealed. They quote 59-2407, which provides the appeal suspends operation of the order appealed from and argue, in effect, ·that when the appeal was taken all authority of the executor was withdrawn. That is not what the statute says. The appeal does not revoke the order, it only suspends its operation after appeal is taken and until it is determined. Prior to the taking of the appeal his acts are valid. Such a construction not only follows from the language of 59-2407, but is consonant with 59-1713, which provides:

"All the acts of a fiduciary as such, before the termination of his authority, shall be as valid to all intents and purposes as if such fiduciary had continued lawfully to execute the duties of his trust."

And it must be borne in mind that the appeal was not from the probate of the will or from the appointment of the special administrator, but only from the appointment of Crumpacker as executor, and while it was pending the estate continued in process of administration. The effect of the appeal was not to take all jurisdiction from the probate court—that jurisdiction continued as to all phases of the administration other than the appointment of an executor.

Appellants next contend that in order to start the nine months limitation on presentation of claims three published notices must be made by the executor under a valid and continuing order of appointment. In support of this contention appellants direct our attention to a provision of our former statute with respect to decedents' estates requiring notice of hearing of a petition for the sale of real estate (G. S. 1935, 22-805) and to our decision in *Graden v. Mais*, 77 Kan. 702, 95 Pac. 412, in which it appeared no notice was given, and to cases involving sufficiency of affidavits for service of summons by publication or of the publication following or of notices prerequisite to sheriff's sales, the effect of which is that matters preliminary to notice must be fully complied with and the notice must be published the full time required by statute. We need not review these cases for there is no doubt they state the law applicable to the facts involved in them. Argument based on those cases, however, ignores the language of our nonclaim statute. Under it the statute starts to run, not from the completion of publication of the notice to creditors but from the date of the first published notice

to creditors, and that it was here given is conceded. It is here noted that if appellants' contention that the nonclaim statute was not effective until the appointment of Pihlblad and the first publication of his notice of appointment followed by two other publications, then they filed their claim prematurely. The very fact that in November, 1942, they filed a petition setting forth their claim and on the same day filed their petition asking for the appointment of a special administrator so that it might be heard, shows that at that time they knew and considered the estate was in process of administration and the probate court had jurisdiction to entertain the question. And it further shows that if the petitions were then proper, they could have been filed at any time within one year after Grattan's death or within nine months after Crumpacker first published notice of his appointment as well as when they were filed. Insofar as the nonclaim statute is concerned, appellants must either recognize that administration was pending, and that Crumpacker's appointment and publication of notice thereof was effective until suspended by the appeal, in which event they are bound because they filed no petition for allowance of their claim within nine months, or that there was no executor or administrator appointed within one year from Grattan's death and they have no claim against his estate for that reason. On the latter phase see *In re Estate of Dumback,* 154 Kan. 501, 119 P. 2d 476, where it was held:

"Under the Kansas probate code no creditor shall have any claim against the property of a person dying intestate unless an administrator of the decedent's estate has been appointed within one year after his death and unless the creditor shall have exhibited his demand in the manner and within the time prescribed in the code. (G. S. 1939 Supp. 59-2239.)" (Syl. ¶ 1.)

In their brief appellants devote no space to the nature of the claim presented by them. It is quite apparent, however, that it is in the nature of an action to compel performance of an agreement to make a will or for the property that they would have received had the will been made. Under our decisions in *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438, *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565, and the cases cited therein, the proceeding was one in the nature of a contest of the will. So considered, the petition, having been filed over nine months after the will was admitted to probate, was filed too late. (59-2404.)

The judgment of the trial court was correct and it is affirmed.