No. 36,032

Donald A. Bitzer and Charles L. Bitzer, *Appellants*, v. M. S. Smith et al., *Appellees* (Jessie Longley Minshal, *Appellant*).

(145 P. 2d 148)

Opinion filed January 22, 1944.

*E. R. Sloan,* of Topeka, argued the cause, and *L. W. Rosenkranz,* of Washington, *W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, were on the briefs for the appellants.

*F. R. Lobaugh,* of Washington, was on the briefs for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This was an action to quiet title to a half section of Washington county land which was devised by the will of the late Sylvanus S. Longley thus:

"I give to each of my six children, Wm. H. Longley, Jeff C. Longley, Jessie Longley Minshal, Bertha M. Longley Lueck, Vesta Longley Shearborn and Dorothy Longley McLeland, one sixth part of my estate share and share alike with the following provisions and exceptions.

"The executors of this will are hereby directed to hold Jessie Longley Minshal's [share] in trust and earnings of it to be paid to her while she lives and to go to her children at her death. They may invest it in interest earning securities and pay her the interest and they may buy real estate for her use if she wishes and may sell it when they think best, Provided further, that if any of my children should die before this will goes into effect leaving no heirs of the body, such deceased child's share shall be equally divided between my other children, Provided further that if any of my children should die before this will goes into effect leaving a minor child or children the executors of this will are hereby directed to act as guardian of such minors' share and help them as they need it and they think best."

The testator, a resident of Washington county, died on July 26, 1923, and his will was admitted to probate on September 27, 1923. On that date an executor was appointed and qualified. On October 20, 1924, upon application of the executor, the probate court made an order interpreting that provision of the will which conferred upon the executors the authority quoted above, pertaining to that portion of the estate devised to Jessie Longley Minshal. The probate court held that provision to be null and void. There was about $9,000 in cash in the hands of the executor available for distribution at the time that ruling was made, and Mrs. Jessie Longley Minshal received her share of that sum as did her brothers and sisters. Following that ruling of the probate court in 1924 the executor never did assume control of that portion of her father's real estate devised to Mrs. Minshal.

Early in 1940 the executor filed a petition in the probate court for final settlement. Notice thereof was duly published. The three children of Mrs. Minshal filed an answer alleging that they were of full age and were familiar with the terms of their grandfather's will and claimed no interest in the property. On March 15, 1940, hearing was had before the probate court. It found that the estate was fully administered, and that the only property for distribution was the real estate of present concern. The court also found that William H. Longley, one of the sons of the testator, had died and that the share of the said William had been conveyed by his widow and sole heir to the remaining devisees of the testator; that the children of Mrs. Minshal had no interest in the real estate; and that it should be assigned in equal shares to the five surviving devisees, including Mrs. Minshal. All of which was done; the estate was closed; and the executor was discharged.

Some two and a half years later, on September 23, 1942, the five devisees entered into a contract with Donald A. and Charles L. Bitzer, plaintiffs herein, to sell them this half section of land for $12,800, and agreed to furnish a merchantable title. Some question was raised touching the sufficiency of Mrs. Minshal's title, so the parties concerned agreed to place her share of the purchase price in escrow to await the result of a test case to determine the question.

Hence this lawsuit to quiet the title of the purchasers. The trial court appointed F. R. Lobaugh, Esquire, to serve as trustee for the unborn children of Mrs. Minshal. The trustee filed an answer which challenged the jurisdiction of the probate court to make the

order of October 20, 1924, construing the will of testator in respect to the restrictions imposed by its terms on the devise and bequest to Mrs. Minshal. He alleged that the probate court did not have jurisdiction to render the decision and order announced by it on March 15, 1940, when the matters pertaining to the final settlement of the estate were before it for determination.

Mrs. Minshal answered, pleading her title based on her father's will; that she was a widow seventy years old; that her three children had conveyed their respective interests to her. She also pleaded the judgment of the probate court of March 15, 1940, which had decreed that she was vested of an absolute undivided one-fifth interest in the described land, and that such judgment was final and conclusive.

The other defendants, although all were duly summoned, filed no answer.

At the trial, the evidence developed no dispute of fact. The files of the probate court relating to the probate of the testator's will in 1923 and the probate court's orders were introduced in evidence, likewise that court's order of 1924 for the distribution of $9,000 between the six children of the testator, including Mrs. Minshal; also the probate court's finding and judgment declaring void and of no effect that portion of the testator's will which directed the executors to hold and manage Mrs. Minshal's share of the estate, and holding that she took her share of the estate free from any trust or claim whatsoever.

There was also offered in evidence the proceedings which pertained to the final settlement of the estate and the discharge of the executor on March 15, 1940, in which among other matters the probate court found that all the valid provisions of the will of Sylvanus S. Longley had been fully complied with; and that the widow and sole heir of William H. Longley, deceased, one of the devisees, had conveyed her interest in the real property to the other devisees; and—

"That the provisions of said last will and testament in which the testator attempts to create a trust for Jessie Longley Minshall is void and was held to be void by the order of this court on the 20th day of October, 1924, and that by reason thereof the said Jessie Longley Minshall takes her interest in said estate absolutely and her children have no right, title, interest or estate therein.

"The court further finds that the beneficiaries of said estate are now Jeff C. Longley, Jessie Longley Minshall, Bertha M. Longley Lueck, Vesta Longley Shearborn and Dorothy Longley McLeland, and that each are entitled to a one-fifth interest in said estate."

One of the devisees, Bertha M. Longley Lueck (Mrs. C. D. Lueck), gave testimony touching the family relationship of the parties concerned—that Jessie Longley Minshal was 69 years old, that her husband had died in 1925, that Jessie's three children had all attained their majority; that the youngest of them was born in 1907; that Jessie's husband had operated a grain elevator and speculated on the board of trade, and that Jessie's father disapproved of such speculation, hence the provisions of the will for the management of Jessie's share of the estate by the executors; that Jessie owns her home, but was in poor health; one of her arms was swollen to three or four times its normal size, and that one of her eyes had been operated on for a cataract and the other eye was similarly affected and requires an operation as soon as she can raise the money; that Jessie earns her living by quilting, and that she has no means except her share of the purchase price of the farm which is being held in escrow to abide the determination of this action to quiet title.

Other matters somewhat relevant to the issues were presented to the court but need not be detailed here.

In an extended opinion the trial court narrated the pertinent facts summarized above, and held that the ruling of the probate court of 1924 which set at naught the provisions for the management of Mrs. Minshal's share of the estate was void. So too, the trial court held that the probate court proceedings in 1940 touching the final settlement of the estate, that construction of the will, and the assignment and distribution of the real estate to the surviving devisees including Mrs. Minshal were invalid. Its most pertinent findings read:

"(2) That the provisions and exceptions contained in that part of the last will and testament of Sylvanus S. Longley, deceased, herein designated as paragraphs (2) and (3), constitute a valid testamentary trust in the nature of a spendthrift trust for the defendant, Jessie Longley Minshall, during her lifetime.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4) That that part of the order of said Probate Court, made and entered on or about March 15, 1940, declaring such provisions of said last will and testament inoperative and void, and holding and determining that the defendant, Jessie Longley Minshall, was the absolute owner of an undivided interest in said real property as devisee . . . was, to such extent, void."

From a judgment in accord with the trial court's findings and conclusions just quoted, the plaintiffs and Mrs. Minshal appeal. The briefs suggest various questions, but in our view the controlling one relates to the significance which should be attached to the judgment

which the probate court rendered on March 15, 1940, from which no appeal was taken.

Whatever limitations inhered in the jurisdiction of the probate court in 1924 when it first held invalid the restrictions upon the testator's devise and bequest to his daughter, Mrs. Minshal—and something could be said in support of that holding—there should be no serious question touching the scope of that court's jurisdiction to render the decision it did make on March 15, 1940, since the new Probate Code of 1939, had taken effect on July 1, 1939. (G. S. 1941 Supp. 59-1a01 *et seq.*, and particularly 59-301.) Under the provisions of the new code, the original jurisdiction of the probate court was extended so as to invest it with all necessary legal and equitable power to deal judicially with the administration of estates. Its errors, if any, have to be corrected by a timely appeal to the district court. (G. S. 1941 Supp. 59-2401 *et seq.; Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242; *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565; *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188.) See, also, 11 Kan. Bar Journal, 134-143.

In the instant case there is no suggestion that there was any want of conformity with the statute (G. S. 1941 Supp. 59-2247) in the executor's petition for final settlement of the testator's estate nor in its presentation to the probate court for adjudication, nor in the scope of the probate court's decree as prescribed in G. S. 1941 Supp. 59-2249—part of which paragraph is most pertinent here. It reads:

"Upon such settlement and allowance the court shall determine the heirs, devisees, and legatees entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, devisees, and legatees, describe the property, and state the proportion or part thereof to which each is entitled. Said decree shall be binding as to all the estate of the decedent, whether specifically described in the proceedings or not. . . . When the final decree includes real estate, such decree, or a certified copy thereof, may be entered on the transfer record of the county clerk of the proper county."

And since the probate court had jurisdiction to render the decree it made on March 15, 1940, and that decree was never challenged by appeal, it is, as the statute declares, "binding as to all the estate of the decedent, whether specifically described in the proceedings or not."

It therefore follows that the conveyance of Mrs. Minshal's share of the real estate to the plaintiffs was precisely as good as that conveyed to them by the other devisees; and the title thereby vested

in plaintiffs was good and merchantable; and plaintiffs were entitled to a decree quieting their title in accordance with the prayer of their petition.

The judgment is reversed with instructions to render judgment for plaintiffs.