No. 43,615

In the Matter of the Estate of Henry M. Sterba, Deceased. RUTH
J. STERBA, *Appellee,* v. CHARLES STERBA, Ancillary Administrator,
with the Will Annexed, of the Estate of Henry M. Sterba, De-
ceased, LEONA E. STERBA and CLIFFORD M. STERBA, Devisees under
the Last Will and Testament of Henry M. Sterba, deceased, *Ap-
pellants.*

(392 P. 2d 136)

Opinion filed May 9, 1964.

*H. T. Horrell,* of Burlington, argued the cause, and *L. R. Hannen,* of Bur-
lington, was with him on the brief for the appellants.

*William A. Buckles,* of Burlington, argued the cause and was on the brief
for the appellee.

The opinion of the court was delivered by

PRICE, J.: A husband died testate. A provision of his will dis-
posed of a tract of real estate in a manner contrary to the provisions
of an antenuptial contract. His widow asserted her rights under
the contract by filing a petition seeking to have the property in ques-

tion set over to her as her sole and separate property in accordance with the terms of the contract.

The question presented is whether, under the facts of the case, the assertion of the widow's rights under the contract amounted to a "contest of the will"—or whether it is to be regarded as being in the nature of a "claim" against the estate.

The facts are not in dispute.

On June 11, 1936, Henry M. Sterba and Ruth Allen (now Ruth J. Sterba, widow and appellee), being residents of the state of Oklahoma, entered into a written antenuptial contract which specifically referred to various tracts of Oklahoma real estate owned by Henry and provided that each of the parties should, independently of the other, manage and dispose of any and all property which each then owned.

The provision of the contract which is material in this case reads:

"It is further agreed that all property that may be hereafter acquired by either of the parties hereto shall go to Ruth Allen (to be Ruth Sterba) upon the death of Henry M. Sterba, if he precede her in death.

Later, on the same day, Henry and Ruth were married.

On April 29, 1957, through a warranty deed, Henry acquired title to an eighty-acre tract of land in Coffey county, Kansas—and the ownership of that tract is the subject of this lawsuit.

On December 21, 1960, Henry, being still a resident of the state of Oklahoma, executed a last will and testament. He died the next day. At the time of his death he owned the Coffey county land. The will was admitted to probate in the state of Oklahoma on January 10, 1961. It contained numerous specific devises and bequests not here material. The will made no mention of the Coffey county land, but all parties concede that it was disposed of by the residuary clause which bequeathed and devised all of the rest, residue and remainder of Henry's property to his wife Ruth, and to his son and daughter, Clifford and Leona, in equal shares. The record does not show that Ruth consented to the provisions of the will.

It also is conceded that within the provision of the contract above quoted, the Coffey county land was "after-acquired property" which, under the contract, was to go to Ruth as her sole and separate property in the event she survived Henry—whereas, under the residuary clause of his will, it was devised to Ruth and his two children by a former marriage, share and share alike.

On July 24, 1961, in a proceeding, the regularity of which is not questioned, an order was made by the probate court of Coffey county admitting the will to probate and record.

No appeal was ever taken from that order.

On November 13, 1961, Ruth, as surviving widow of Henry, filed a petition in the probate court of Coffey county, setting forth that the Coffey county land was "after-acquired property," and that by the provisions of the antenuptial contract, a copy of which was attached, she was entitled to it as her sole and separate property. The prayer was for an order assigning such property to her as her sole and separate property, and for equitable relief.

The contents of the written defenses to Ruth's petition, and other pleadings, need not be detailed. It is sufficient to say they brought into focus the respective contentions of the parties hereafter discussed.

On June 22, 1962, the probate court of Coffey county sustained Ruth's petition and entered an order assigning the Coffey county land to her as her sole and separate property.

The personal representative of the estate, together with Clifford and Leona, appealed to the district court.

On February 7, 1963, the district court upheld and affirmed the order of the probate court.

From that judgment the personal representative of the estate and Clifford and Leona have appealed to this court.

Highly summarized, the contentions of Clifford and Leona are:

Under the provisions of the residuary clause of Henry's will each of them was devised an undivided one-third interest in the Coffey county land—the remaining undivided one-third interest being devised to Ruth. Conceding that the land in question was "after-acquired property" within the meaning of the antenuptial contract— the validity of which is not questioned—nevertheless, the assertion by Ruth of her rights under the contract is in fact an attempt to bring about a result which, with respect to such property, is contrary to the express terms of Henry's will, for, if she prevails, the will, with respect to that property, does not stand. In other words, it is contended that the plain and essential purpose of Ruth's petition is to get rid of the will and to effect a result contrary to the expressed intent of Henry, and therefore amounts to an action to "contest" the will. It further is contended that only one method is provided by statute for the contest of a will—that such method is exclusive—and

that it consists of an appeal from an order admitting a will to probate which, under G. S. 1949, 59-2404, must be taken within nine months from the date of such order. Having filed no appeal from the order admitting Henry's will to probate, the rights of Ruth to the Coffey county land are fixed by the provisions of the residuary clause and have become final, and she is not to be permitted to assert her rights under the antenuptial contract under the guise of a "claim" against Henry's estate.

In this connection reliance is had upon statements found in a number of decisions of this court, among them being *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, and *In re Estate of Pallister,* 159 Kan. 7, 152 P. 2d 61.

In the Foss case appears the following:

"Manifestly, the will and the oral contract under which plaintiff claims title to decedent's property cannot be harmonized. One or the other must fall. The will had been probated. Plaintiff, by the instant action, challenged the validity of the will to pass title to the property therein described to the persons therein designated. In order for plaintiff to recover he was obliged to get rid of the probated will pursuant to which the estate was being administered. We have repeatedly ruled that an action which in effect contests the will is a will contest action and must be brought as such under the contest statute or not at all." (p. 271.)

In the Yeager case it was said:

"Our forthright decisions, . . . have held that any action whose plain and essential purpose is to get rid of a will—to effect a result contrary to the obvious intent of the testator—is an action 'to contest' the will and can only be brought in conformity with the statutes dealing with the contest of wills." (p. 735.)

A similar statement is to be found at page 15 of the opinion in the Pallister case.

On the other hand, Ruth, in support of her position, and which was adopted by both the probate and district courts, contends:

She at all times recognizes the will and does not contend Henry lacked mental capacity or was under coercion, duress or undue influence at the time of its execution. She recognizes the will in all respects but for the one exception which disposes of the after-acquired Coffey county land contrary to the provision of the antenuptial contract. She is not attempting to get rid of or set aside the will, and no reason exists why all of its other provisions cannot stand. Except for the after-acquired Coffey land, all other property devised and bequeathed by the residuary clause would

pass to her, Clifford and Leona, share and share alike. Her petition merely asserts her rights to the Coffey county land under the contract and is in no sense a "contest" of Henry's will, but rather is in the nature of a claim against his estate, and was filed within the nine-months' period provided by the nonclaim statute (G. S. 1949, 59-2239).

In this connection we are cited to a number of decisions, among them being *In re Estate of Hill,* 162 Kan. 385, 176 P. 2d 515, in which it was held:

"Parties contemplating marriage may contract with each other concerning their property rights and such contracts, when fairly, equitably and intelligently made, will be upheld and liberally interpreted to carry out the intentions of the parties to them." (syl. 1.)

"A claim asserted by one of the parties to an antenuptial contract against the estate of the other party, which if allowed would reduce the amount of assets which would otherwise be distributed to his heirs or legatees, constitutes a demand against the estate of the deceased party." (syl. 5.)

From all of the foregoing it will be seen the question presented is narrowed down to and amounts simply to this:

If the assertion by Ruth of her rights under the contract amounted to a "contest" of the will her recourse was to appeal from the order admitting the will to probate within nine months from the date of such order. (G. S. 1949, 59-2401(1) and 59-2404.) She did not do so. On the other hand, if the assertion of her rights under the contract is to be regarded as being in the nature of a "claim" against the estate her recourse was to do exactly what she did—file a claim within the period provided by the nonclaim statute. (G. S. 1949, 59-2239.)

It is unnecessary to extend this opinion with a detailed review and discussion of the decisions touching upon the question, and neither will an attempt be made to distinguish the various cases. Each of them is based upon and is to be understood and interpreted in the light of the facts there present.

We think it is clear that the assertion of Ruth's rights under the antenuptial contract to the after-acquired Coffey county land was essentially, and must be regarded as, a "claim" against Henry's estate—rather than a "contest" of his will. No contention is made that Henry lacked capacity to execute the will, or that it was procured through fraud, duress or undue influence. Except for the assertion of her claim to the after-acquired property

no attempt is made to upset any provisions of the will. In one sense of the word, of course, both the provision in the contract and the residuary clause of the will—insofar as the Coffey county land is concerned—cannot stand, but it does not follow that the successful assertion of her contractual rights in any way affects other provisions of the will. Except for the one matter in controversy both the contract and the will may stand. We therefore hold that under the facts of this case the assertion of Ruth's rights under the contract did not amount to a "contest" of the will—but rather was in the nature of a "claim" against the estate.

Other matters raised in the briefs have been noted but merit no discussion.

The judgment is affirmed.