No. 46,752

In the Matter of the Estate of Minnie P. Goodburn, Deceased.

(504 P. 2d 612)

Opinion filed December 9, 1972.

*W. Luke Chapin,* of Chapin & Penny, of Medicine Lodge, argued the cause and was on the brief for claimant-appellant.

*Myrlen L. Bell,* of Hall and Bell, of Medicine Lodge, argued the cause and *Ralph C. Hall,* of the same firm, was with him on the brief for respondents-appellees.

The opinion of the court was delivered by

FATZER, C. J.: This was a proceeding commenced in the probate court to establish a demand against the decedent's estate, which was disallowed by the court after a hearing on the merits. The district court dismissed the appeal from the probate court for reasons hereafter detailed, and the petitioner, Ernest William Goodburn, has appealed. The facts are not in dispute.

George Goodburn and his first wife Nellie had lived together at Medicine Lodge for over 38 years prior to her death in 1958. They were frugal people and invested wisely, and had accumulated a substantial amount of property, mostly in corporate stocks. George and Nellie had a mutual will which left all their property absolutely to the survivor, except that in case of common casualty or in the case of the survivor dying without having made other disposition of his or her property, the remainder of their estates, after certain minor bequests, would go one-half to the petitioner or his heirs, and

one-half to Nellie's nephews, Donald E. Wright and his two brothers. George and Nellie had no children or other close relatives.

One year after Nellie's death, and on October 19, 1959, George married Minnie Pearl Johnson, who was a spinster, age 54. Minnie had very little property.

In 1961, George made a new will, consented to by Minnie, leaving her his residence, personal belongings, and about $10,000 in corporate stocks, absolutely. The balance of his estate of over $100,000 was placed in trust for Minnie's use during her lifetime, and then one-half to the petitioner or his heirs, and one-half to Donald E. Wright and his wife, Marjorie. As indicated, Donald E. Wright was Nellie's nephew, and the petitioner was a brother of George.

During George's marriage to Minnie he transferred the larger part of his personal property to Minnie and himself in joint tenancy. George died December 22, 1966, at the age of 80 years.

On August 17, 1970, Minnie executed her last will and testament which devised and bequeathed the home in Medicine Lodge to Donald E. Wright and his wife, and the remainder of the property was to be reduced to cash and one-half paid to Donald E. Wright and his wife, and one-half paid to Tempest Johnson, a sister-in-law of Minnie. Donald Wright was designated executor. The dates hereinafter mentioned present the legal issue which is before this court for determination.

Minnie died October 11, 1970. On November 10, 1970, her will was admitted to probate and Donald E. Wright was appointed executor. Notice to creditors and others concerned was first published two days later.

On June 25, 1971, the petition of Ernest William Goodburn for specific performance of an oral agreement to bequeath and devise one-half of the residue of the joint tenancy property to the petitioner, was filed in the probate court. On July 26, 1971, after due notice, a hearing was had on the petition and the matter was taken under advisement by the probate court. On July 29, 1971, petitioner filed a request for permission to amend his petition to conform with the evidence. A copy of the requested amendment was also filed.

On August 25, 1971, the probate court denied the petition for specific performance of the oral agreement to bequeath and devise, and denied the right to file the amendment to the petition. On August 31, 1971, the petitioner duly perfected an appeal to the district court.

On October 27, 1971, the petitioner requested permission to file an amended petition in the district court, and on December 2, 1971, permission was granted.

On January 3, 1972, the executor and Tempest Johnson, a beneficiary, filed a motion to dismiss the appeal for the reason the appeal was not taken within nine months from the date the will was admitted to probate on November 10, 1970, pursuant to K. S. A. 59-2404.

The district court sustained the motion to dismiss, and the petitioner has appealed to this court from the order of dismissal. The issues on appeal are quite limited. The district court stated in its memorandum opinion as follows:

"It seems to me that what is said in *Yeager vs. Yeager*, 155 Kan. 734, pretty well determines that we must interpret the relief sought here as being an attempt to get rid of the will or to effect a result contrary to the obvious intent of the testatrix and is an action to contest the will. This being the case, I must hold that it was brought too late.

"I must admit that the more recent case of *In Re Estate of Sterba*, 193 Kan. 56, casts at least some doubt on the decision I have reached but I cannot believe it was the intention of the Court in Sterba to overrule the long established doctrine guiding the decisions in the *Yeager* case and *Foss vs. Wiles*. About all that can be said for Sterba is that it decided the case before the Court and on the facts of that particular case. Perhaps the degree of the attack upon the will or the intention of the testator has something to do with it. Frankly I do not profess to know just where to draw the line between an ordinary claim on the one hand and a will contest on the other, but I am satisfied that Petitioner here cannot prevail without effecting a result contrary to the intent of the testatrix."

The petitioner-appellant contends that a petition for an allowance of a demand based on an oral contract to devise or bequeath by will constitutes a claim or demand under K. S. A. 59-2239, and that an appeal may be taken within thirty days from an adverse ruling under the provisions of K. S. A. 59-2404.

The appellees take the position that, as did the district court, the petition constituted a will contest, and that an appeal must be taken within nine months from the date the will is admitted to probate.

The issue presented is whether the proceeding is a will contest or a claim or demand against the decedent's estate. A decision of this question will determine the applicable statute fixing the time of appeal to the district court.

As indicated, the district court relied upon the case of *Foss v. Wiles*, 155 Kan. 262, 124 P. 2d 438, where we held:

"An action filed in the district court for the specific performance of an oral contract with a decedent which challenges the right of the testator and the validity of the probated will to pass to title to property belonging to a decedent's estate to the persons therein named, is in effect an action to contest the terms and provisions of the will, over which action district courts now have only appellate jurisdiction." (Syl. ¶ 7.)

And, also, *Yeager v. Yeager*, 155 Kan. 734, 129 P. 2d 242, where it was held:

"An action brought for the purpose of getting rid of a will, or of defeating the testator's intent as therein expressed, or of rendering nugatory the provisions of the will is an action to 'contest' the will and may only be brought in conformity with the statutes applicable to the contest of wills." (Syl. ¶ 1.)

In the opinion it was said:

". . . Our forthright decisions . . . have held that any action whose plain and essential purpose is to get rid of a will—to effect a result contrary to the obvious intent of the testator—is an action 'to contest' the will and can only be brought in conformity with the statutes dealing with the contest of wills. . . . ." (l. c. 735.)

It must be conceded that if the rule above announced is approved and permitted to stand, the judgment in the instant case must be affirmed. However, the petitioner contends the rule announced in *Foss* and *Yeager* incorrectly states the law and should be overruled or disapproved. We agree. No specific statement that a demand is in effect a will contest, or that a will contest is tantamount to a demand, has been made by this court in any case in which such a statement or conclusion was necessary to the decision.

Both *Foss* and *Yeager* were actions for the specific performance of certain oral agreements to leave property differently than the respective testators left the property by their wills. Both were commenced in the district court—not the probate court—and, undoubtedly, at that time, this court thought the important part of the holdings with respect to the construction of the new probate code was to require that actions for that relief be commenced in the probate court, and not the district court. In any event, the broad language quoted above from *Yeager* has caused unnecessary confusion in our probate law ever since.

The author of Bartlett's Kansas Probate Law and Practice (Rev. ed.), Mr. Samuel Bartlett, distinguished between a "demand" and a "will contest" after it was apparent there was some confusion in our law on the subject. In 2 Bartlett, *op. cit, supra,* § 780, he said:

"In a few of the early decisions construing the code provision relating thereto appeared some confusion as to what constituted a demand against a

decedent's estate and what constituted opposition to probate of his will or a contest thereof. Such was not to be unexpected in the construction of a new enactment as comprehensive as the probate code. A careful analysis of the decisions, however, dispels any confusion that may have arisen from such decisions, and from later decisions has emerged a clearly defined distinction between a demand against a decedent's estate and the contest of a decedent's will or opposition to the probate thereof. The decisions fall into one of three classes.

"*First class.* A will may be invalid and not entitled to probate for the reason that it is a forgery or has been revoked, that the testator did not possess the rights of majority, lacked mental capacity, or that the will was procured by fraud or undue influence. If, when a will is presented for probate, probate thereof is opposed on any of these or similar grounds and any of them is established in the probate court, or, in case of further contest of the will by appeal or otherwise, the ground or grounds therefore are established, the probate of the will should be denied. None of this constitutes a demand against the decedent's estate within the meaning of the word 'demand'.

"*Second class.* Another situation arises when a will is validly executed with all the formalities prescribed by law by a person capable of executing it; but the will, or some part thereof, is or may be rendered nugatory by some statute or positive rule of law. For example, the testator may havé devised or bequeathed his property, or part of it, to a foreign state, or in trust in violation of the rule against perpetuities. The will may be challenged on the ground that it runs counter to statute or positive rule of law and is therefore void. If the will is thereby rendered nugatory as to the property devised or bequeathed in violation of such statute or positive rule of law, the property involved passes according to other provisions of the will or by the law of intestate succession. A demand against a decedent's estate in such case or cases is not in any manner involved.

"*Third class.* A will may be executed with all the formalities prescribed by law by a person of full age and sound mind, free from restraint, undue influence, and fraud, and all the provisions thereof are lawful. But the testator may have had contractual obligations outstanding and unperformed at his death. These contractual obligations, existing at the time of his death, constitute demands which may be presented against the decedent's estate, but proceedings for their exhibition for allowance and enforcement constitute neither opposition to probate nor contest of the decedent's will.

"A few illustrations will suffice to indicate the distinction: (1) A is possessed of an estate of ten thousand dollars, bequeaths it to B, and dies. C holds A's promissory note for ten thousand dollars and exhibits his demand which is allowed and paid from the assets of the estate. (2) A is possessed of an estate consisting of Blackacre, devises it to B, and dies. A is under an enforceable agreement with C to leave Blackacre to C, who exhibits his demand which is allowed and specifically enfórced. (3) The facts of this illustration are as in illustration (1) and (2) except that A died intestate with B as his sole heir. In each of these illustrations, B as sole beneficiary under the will or as sole heir takes nothing, not because a will is refused probate or is by contest set aside, nor because the law of intestate succession is inapplicable,

but because the assets of the estate are exhausted by the payment or enforcement of the demand, and there is nothing upon which the will or the law may operate.

"In either or any event the will, if any, is entitled to probate and may not be effectively contested on the ground that a claimant has an enforceable demand against the estate. The admission of a will to probate is something entirely different from the exhibition, allowance, and payment or enforcement of a demand. The word 'demands' has reference only to claims against the estate of a decedent which, if allowed, will reduce the corpus of the estate or the amount of property which would otherwise be subject to division or distribution among the devisees and legatees of a testate decedent. After all such demands are satisfied it is the duty of the court to determine the devisees and legatees entitled to the estate and their respective shares or interests therein, if any estate remains after the satisfaction of all such demands, and to assign the same to the devisees and legatees by its decree."

What has just been quoted is in harmony with what was stated by this court in *In re Estate of Sterba,* 193 Kan. 56, 392 P. 2d 136. There, the wife asserted her rights under a contract more than nine months after her husband's will had been admitted to probate, but within the time permitted by the nonclaims statute. (K. S. A. 59-2239.) The court said:

If the assertion by Ruth of her rights under the contract amounted to a 'contest' of the will her recourse was to appeal from the order admitting the will to probate within nine months from the date of such order. (G. S. 1949, 59-2401 [1] and 59-2404.) She did not do so. On the other hand, if the assertion of her rights under the contract if to be regarded as being in the nature of a 'claim' against the estate her recourse was to do exactly what she did—file a claim within the period provided by the nonclaim statute. (G. S. 1949, 59-2239.)"

. . . . . . . . . . . . . . .

"We think it is clear that the assertion of Ruth's rights under the antenuptial contract to the after-acquired Coffey county land was essentially, and must be regarded as, a 'claim' against Henry's estate—rather than a 'contest' of his will. No contention is made that Henry lacked capacity to execute the will, or that it was procured through fraud, duress or undue influence. Except for the assertion of her claim to the after-acquired property no attempt is made to upset any provisions of the will. . . ." (1. c. 60, 61.)

In the present case, the petitioner is seeking to have the contractual obligation to bequeath and devise one-half of the property, enforced. He is in no way challenging the validity of the will, or the right of the beneficiaries to take under the will, or its operation as to the remaining property. He is merely asserting a claim or demand pursuant to the equitable power of the probate court (K. S. A. 59-301 [12]) to construe the alleged oral agreement of

the decedent to bind the property of her estate so far as to fasten a trust on it in favor of the petitioner, and to enforce such trust against the devisees and personal representative of the decedent. (*Anderson v. Anderson,* 75 Kan. 117, 123, 88 Pac. 743; *Meador v. Manlove,* 97 Kan. 706, 156 Pac. 731; *Braden v. Neal,* 132 Kan. 387, 392, 295 Pac. 678.)

It would serve no useful purpose to extend this opinion further. The court is constrained to hold that where a party seeks to enforce a contractual obligation to devise or bequeath a portion of a decedent's estate, the proceeding constitutes a demand against the estate and not a will contest, and an appeal may be taken by any person aggrieved by the decision of the probate court, to the district court within thirty days after the making of such order, judgment, or decree. (See 57 Am. Jur., Wills, §§ 180, 718, pp. 158, 488.) Any statement or decision in *Foss* or *Yeager,* or any statement in any other opinion of this court to the contrary is disapproved.

As indicated, the petitioner's appeal was timely perfected. The district court granted the petitioner's request to amend his petition for demand. All reasonable inferences in favor of the amended demand are required to be drawn, but they remain susceptible to proof by substantial competent evidence. With that observation, we conclude the order to dismiss the appeal in the district court was erroneous.

The district court's order is reversed with directions to reinstate the petitioner's appeal and to proceed in accordance with the views expressed herein.

It is so ordered.