No. 113,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of EARLENE F. BRENNER, Deceased.

SYLLABUS BY THE COURT

1.

K.S.A. 59-2221 provides that "any person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration."

2.

The probate code does not fix a time limitation on when an heir may apply for administration of any estate in which he or she has an interest.

3.

K.S.A. 59-2239 imposes a special statute of limitation governing claims against a decedent's estate, and it operates as a complete bar to all demands against a decedent's estate that are not timely filed.

4.

K.S.A. 59-617 is a special statute of limitations requiring the filing of a petition to admit a will to probate within 6 months after a resident testator's death.

5.

An administrator's function upon appointment is to marshal the assets and manage the estate.

1

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed November 20, 2015. Reversed and remanded with directions.

*Keen K. Brantley*, of Wallace, Brantley & Shirley, of Scott City, for appellant.

*Fred J. Logan, Jr.*, of Logan, Logan & Watson, L.C., of Prairie Village, and *Joseph B. Bain*, of Cure & Bain, P.C., of Goodland, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

SCHROEDER, J.: As heir-at-law of Earlene F. Brenner, Beverly Goodman petitioned for administration of her mother's estate more than 6 months after the date of her death, alleging there were assets to be marshaled and administered. Beverly's brother, Danny Brenner, objected to the petition claiming there were no assets in the estate and that Beverly's petition was really a claim against the estate barred by the 6-month nonclaims statute, K.S.A. 59-2239. The district court granted Danny's motion to dismiss finding there were no substantial assets subject to administration. On appeal, we treat Danny's motion to dismiss as a motion for summary judgment and find there are material facts at issue—whether there are assets owned by Brenner subject to administration—and reverse the district court's decision to deny Beverly's petition for administration. Reversed and remanded with directions.

FACTS

Brenner died on January 26, 2014, and was survived by three adult children, Danny, Darrel, and Beverly. Danny lived in Goodland, and Darrel and Beverly were residents of Arizona. On August 18, 2014, Beverly filed a petition for issuance of letters of administration. She alleged Brenner died intestate and the value of her estate was estimated at $100,000 for real estate with probable income of $4,000 and also personal

2

property estimated at $140,000. She claimed her appointment as administrator was necessary for the collection, conservation, and administration of the estate.

Danny objected to the issuance of letters of administration. He claimed Beverly's petition was, in essence, a claim against the estate and barred by the 6-month nonclaim statute of limitation. Danny also argued Brenner's estate did not have any substantial assets because the Texas real estate had been deeded to him approximately 3 years prior to Brenner's death, and the remaining bank accounts had passed to him pursuant to payable-on-death designations set up approximately 3 years earlier. Danny claimed that after their mother's death, by agreement, the three heirs divided and distributed the remaining tangible personal property held in storage.

The district court set the matter for hearing. Danny explained that after Brenner's death, the heirs had discussed the actions taken during Brenner's lifetime in order to avoid the formal probate process through pre-death transfers and payable on death accounts, thus, leaving minimal assets to distribute. Danny's district court brief claimed: "While Darrell and Beverly expressed some level of frustration with the fact that Dan Brenner was a primary beneficiary of non-probate transfers, they seemingly acknowledged the closer relationship between Dan and his mother and did not express any intent to challenge the non-probate transfers."

Beverly countered her petition for administration was not statutorily barred because a claim is a creditor demand for payment of the debts of the decedent, whereas a petition for issuance of letters of administration is filed to open administration of the decedent's estate. Beverly stated she was not a creditor and the 6-month nonclaim statute did not apply. She argued there was no statute of limitations against filing a petition for issuance of letters of administration if the petitioner is not a creditor attempting to collect a debt from the decedent's estate. Beverly concluded that she did not want to "put the cart before the horse" in pointing out there are issues over the transfer of Brenner's property

that can be resolved only by granting letters of administration and appointing an administrator who will have standing to carry out collection, conservation, and administration of the estate. After filing the petition for administration, Beverly also alleged for the first time that Brenner had a last will and testament but provided no support for this declaration.

In denying Beverly's petition, the district court first addressed her claim that Brenner had a last will and testament. The court adopted Danny's rationale that no evidence of Brenner's will had been presented. Danny directed the court to the fact that Beverly's petition specifically alleged: "Brenner died intestate in Sherman County," and without a will. Brenner died on January 26, 2014, but Beverly did not file her petition until August 18, 2014. The court held: "The failure to file the will as mandated by statute within the six month time period precludes the court from now considering the will."

The district court also denied the issuance of letters of administration because Brenner's estate did not have substantial assets to administer. It did not decide the issue based on failure to timely file the claim. The court held:

> "The more problematic issue is that of delivery of the deed as prescribed by Kansas and Texas law. Since the property and mineral interest rest in Texas it would appear Texas law would control. Thus, the affidavit of counsel in Texas persuades the court that the transfer was valid and effective.
> "Since no evidence was presented that reflected that the estate of Earlene F. Brenner now has any substantial assets in it to administer. The request by Petitioner to this court to issue Letters of Administration is denied."

Beverly appeals.

4

*Should Beverly's petition for issuance of letters of administration be granted?*

Beverly argues the issue in this case has nothing to do with filing a claim and is simply whether the district court erred in denying the petition for issuance of letters of administration. She argues all the other issues are secondary to simply opening an estate. On this point we agree with Beverly.

Danny asked the court to dismiss Beverly's petition. Under K.S.A. 2014 Supp. 60-212(d), a motion to dismiss for failure to state a claim under K.S.A. 2014 Supp. 60-212(b)(6) is treated like a motion for summary judgment if matters outside the pleadings are presented to, and not excluded by, the court. In this case, the trial court considered the parties' briefs, arguments, and documents. It is evident from the district court's memorandum decision and order dismissing the case that the court did consider matters outside of the pleadings in making its ruling, effectively converting Danny's request for dismissal to one for summary judgment. We must determine if the district court's decision can be affirmed under the standards governing summary judgments. See *Davidson v. Denning*, 259 Kan. 659, 667, 914 P.2d 936 (1996) (though the district court's decision did not expressly state it considered defendants' motion to dismiss as summary judgment motion, the Court of Appeals properly treated it as such because "the court clearly considered matters beyond the face of the petition in granting the motion").

Accordingly, the well-known standard of review governing summary judgment applies. This standard provides that summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 962, 298 P.3d 250 (2013). The trial court is required

to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and, where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

*Petition to Open an Estate*

Kansas statutes are written to include a broad class of petitioners who may petition to open a decedent's estate. K.S.A. 59-2221 provides a general probate inclusion: "Any person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration."

> "There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he [or she] has an interest. The legislature has seen fit to make a provision fixing the time in which creditors must apply for administration (G.S. 1947 Supp. 59-2239) fixing the time for probate of a written will (59-617 and 618) and for the probate of an oral will (59-619) and had it intended any limitation on an heir seeking administration of an estate in which he [or she] had an interest it could have done so. It seems significant that it did not do so." *In re Estate of Wright*, 170 Kan. 400, 406, 227 P.2d 331 (1951).

Danny argues K.S.A. 59-2239 controls and limits the time in which demands and claims may be filed against an estate, and the statute has long been considered a probate nonclaim statute. Harris, *Survey of Kansas Law: Administration of Estates*, 17 Kan. L. Rev. 325, 328 (1968). K.S.A. 59-2239 operates as a complete bar to all demands against a decedent's estate that are not timely filed. 17 Kan. L. Rev. at 328. "A nonclaim statute is

a self-contained statute which absolutely prohibits the initiation of litigation based on it after a prescribed period." 51 Am. Jur. 2d, Limitation of Actions § 3, pp. 490-91.

Danny argues Beverly's petition is a claim against the estate and should be barred by the nonclaims statute, K.S.A. 59-2239. Beverly again responds she is asking only to open the estate for administration. Danny presents *Nelson v Nelson*, 288 Kan. 570, 205 P.3d 715 (2009), to support his position. In *Nelson*, the court considered the question of whether a claim must be made against a decedent's estate when it is alleged the decedent breached a contract to place his entire estate in a testamentary trust for the benefit of his adult children. The Court of Appeals in *Nelson v. Nelson*, 38 Kan. App. 2d 64, 162 P.3d 43 (2007), held the decedent's assets were not subject to a constructive trust because a claim had not been made against the decedent's estate within the period of limitations imposed by the nonclaim statute, K.S.A. 59-2239. In affirming, the *Nelson* court recognized the broad reach of the nonclaim statute:

> "The nonclaim statute recognizes that a decedent no longer has the individual capacity to respond in damages to torts, to pay debts, to carry out contracts, or to administer his or her estate; therefore, the estate must meet the decedent's financial obligations. *In re Estate of Reynolds*, 266 Kan. 449, 456-57, 970 P.2d 537 (1998). As a result, a person who seeks to recover from the decedent, whether based on tort, contract, the decedent's will, or the statute of intestate succession, must recover, if at all, from the decedent's estate. 266 Kan. at 456-57; *Burns v. Drake*, 157 Kan. 367, 369-72, 139 P.2d 386 (1943).
>
> "K.S.A. 59-2239 imposes a special statute of limitations governing such claims against a decedent's estate, and it operates as a complete bar to all demands against a decedent's estate that are not timely filed. [Citation omitted.]" *Nelson v. Nelson*, 288 Kan. at 591.

The *Nelson* court found the heirs' contract claim was barred by the nonclaim statute.

"This policy has been furthered by cases that have read the term 'all demands' to be broadly inclusive of any and all claims, making exception only where a statute expressly provides otherwise. *Union Nat'l Bank & Trust Co.*, 233 Kan. 671, Syl. ¶ 2. One statutory exception is found in K.S.A. 59-2239(2); that exception extends the statute of limitations for tort claims. Because we have concluded that the Appellants failed to plead fraud and the Appellants do not suggest they have pled any other tort, the tort exception does not apply. There is no similar exception for contract claims; such claims must be brought within the nonclaim period of K.S.A. 59-2239(1)." *Nelson*, 288 Kan. at 592.

While we agree one of the primary purposes of K.S.A. 59-2239 is finality, we do not believe the statute applies to the facts of this case. Beverly's petition is not a claim against the estate, it is a petition to administer whatever assets there may be in the estate and to see that they are assigned to the right heir according to law. The Kansas Supreme Court explained the distinction in *Nelson* when it compared and contrasted *In re Estate of Wright*, 170 Kan. at 400, with *In re Estate of Pallister*, 13 Kan. App. 2d 337, 339, 770 P.2d 494 (1989). The court explained that a petition requesting administration of assets not administered is not a claim; however, a petition alleging assets were not in the estate because a transfer of title was void due to breach of contract, for example, is a claim and time barred by the nonclaim statute. *Nelson*, 288 Kan. at 596.

We also agree the time to file a will passed on July 27, 2014, no timely petition to admit a will was filed, and Beverly's allegation of a will has no merit. K.S.A. 59-617 establishes the general rule. The statute provides in its entirety: "No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided." Simply put, K.S.A. 59-617 functions as a statute of limitations prohibiting the admission of a will to probate more than 6 months after a testator's death. *In re Estate of Reed*, 157 Kan. 602, 607-08, 142 P.2d 824 (1943) (holding the then 1-year time limitation in G.S. 1941 Supp. 59-617 to be a statute of general limitation); *In re Estate of Tracy*, 36 Kan. App. 2d 401, 406, 140 P.3d 1045 (2006) (K.S.A. 59-617 is a

8

statute of limitations); compare K.S.A. 59-618 (savings provision for innocent beneficiaries of wills improperly withheld). Thus, no will was timely offered by Beverly or anyone else, and Beverly's petition for administration shall proceed as an intestate proceeding as it was originally filed.

Here, Beverly's petition is seeking the right to administer the estate, not file a claim against the estate. The case of *Wright*, 170 Kan. 400, is squarely on point. In *Wright*, one of the heirs petitioned for administration of the estate to have real estate administered as part of the estate. One of the property owners objected claiming the petition to administer the estate was really an out-of-date petition for a claim against the estate that was barred by K.S.A. 59-2239. The Kansas Supreme Court denied the objection and found it was not a claim against the estate but was an action by the heirs-at-law seeking the administration of assets not yet administered. *Wright*, 170 Kan. at 406-07. The facts in *Wright* are the same as the facts of this case as Beverly is seeking authority to administer this estate and to find out if there are any assets that need to be administered for the benefit of the estate and its heirs. Clearly, this is an action by Beverly asking for authority to marshal the assets of the estate, if any. An action to marshal assets does not invoke the nonclaim statute. See *Estate of Draper v. Bank of America*, 288 Kan. 510, 532, 205 P.3d 698 (2009) (in such cases the nonclaim statute does not apply); *Nickel v. Vogel*, 76 Kan. 625, 92 P. 1105 (1907) (holding that the jurisdiction of the probate courts of this state to appoint administrators does not depend upon the existence of either assets or creditors). Additionally, we note the Supreme Court's statement in *In re Estate of West*, where the court said:

> "Although it has been stated in some of our decisions that an object of the probate code is to provide for a speedy determination of the assets and liabilities of an estate so that it may be settled and a distribution made to the beneficiaries, it is of primary importance that all of the assets be collected and reduced to possession for such distribution and a contention by a beneficiary that all assets have not been collected ought not to be held

barred in the absence of a specific statutory provision to that effect." 169 Kan. 447, 455, 219 P.2d 418 (1950).

Clearly, these prior decisions recognize the right of heirs-at-law to petition for the administration of an estate to make sure all of the assets of the estate are marshaled and distributed in accordance with the laws of intestate distribution. See K.S.A. 59-506.

We need not address Danny's claim that Beverly is attempting to attack the validity of the transfers made prior to Brenner's death. If that issue arises, it will be an issue for the district court to resolve, not for us to resolve in anticipation of what an administrator might or might not do. We also pause to note that Beverly waited more than 6 months to file her petition for administration. As previously mentioned, we can find no statutory bar to this action. By waiting more than 6 months to file her petition, she eliminated the need to notify creditors or the opportunity for creditors to file a claim against the estate because the 6-month nonclaim statute had run as to all claims against the estate. See K.S.A. 59-2239. The petition for administration is timely filed.

We recognize Danny's claims that there are no assets for an administrator to marshal as he claims they were all delivered to him through nonprobate transfers prior to Brenner's death, except the personal property already divided by the three heirs at the storage unit. That may be true, but without an administrator appointed and acting under the supervision and guidance of the district court, Danny's claim cannot be verified. An administrator duly appointed would have authority to search for any assets owned by Brenner at the time of her death. If there are assets, then the estate can administer the assets in accordance with the law. If it is found there are no assets, then the estate can be closed and no harm is done. Who pays for the cost of administration would be an issue for the district court to decide at the appropriate time.

10

Reversed and remanded with directions for the district court to allow the appointment of an administrator pursuant to K.S.A. 59-2232.

* * *

PIERRON, J., dissenting:  I respectfully dissent. The Kansas Legislature has provided a statutory framework for the fair and efficient disposition of the estates of deceased persons. Part of this is providing for time frames during which claims on the estate assets must be made.

The majority recognizes that the Kansas statutes are written to include a broad range of claimants against the decedent's estate. K.S.A. 59-2221 provides a general probate inclusion:  "Any person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration." However, the Kansas statutes are equally clear that statutes of limitation are essential to the timely resolution of a decedent's estate, including presenting claims or a will.

K.S.A. 59-2239 limits the time in which demands and claims may be filed against an estate and has long been considered a probate nonclaim statute. Harris, *Survey of Kansas Law: Administration of Estates*, 17 Kan. L. Rev. 325, 328 (1968). It operates as a complete bar to all demands against a decedent's estate that are not timely filed. 17 Kan. L. Rev. at 328. "A nonclaim statute is a self-contained statute which absolutely prohibits the initiation of litigation based on it [*sic*] after a prescribed period." 51 Am. Jur. 2d, Limitation of Actions § 3, pp. 490-91.

One of the primary purposes of K.S.A. 59-2239, and the key in this case, is finality. The nonclaim statute allows the speedy settlement of the decedent's estate in the interest of creditors, heirs, legatees, and devisees and to settle titles to real estate. *In re Estate of Tracy,* 36 Kan. App. 2d 401, 405, 140 P.3d 1045 (2006). It is a bar on which

11

parties may rely. 3 Bartlett, Kansas Probate Law and Practice § 1316, p. 190 (rev. ed. 1953). In *In re Estate of Reynolds,* 266 Kan. 449, 455, 970 P.2d 537 (1998) (quoting *In re Estate of Watson*, 21 Kan. App. 2d 133, Syl. ¶ 5, 896 P.2d 401 [1995]), the court stated:

> "'K.S.A. 59-2239 is a special statute of limitations. The words 'all demands' are *all-inclusive* and include *claims and demands of every type and character against a decedent's estate* except for those particular cases where the statute expressly provides otherwise. A party seeking to remove something from a decedent's estate must comply with the nonclaim statute in the absence of an express statutory exception such as set forth in K.S.A. 59-2239(2).'" (Emphasis added.)

Further, in *Young v. Wheeler*, 234 Kan. 845, 851, 676 P.2d 748 (1984) (quoting Atkinson, Law of Wills § 127, p. 691 [2d ed. 1953]), this court recognized that legislatures and courts in general have thought "'"it is better policy to deny exceptions to the bar of the nonclaim statute rather than to impair its final effect by allowing exceptions, however meritorious."'" The plain language of the nonclaim statute also is emphasized in 3 Bartlett, Kansas Probate Law and Practice § 1316 (rev. ed. 1953):

> "The language of the nonclaim statute is clear, unambiguous, and comprehensive. Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every liability, resting upon the decedent, could not have been employed."

Similar provisions for speedy and finalization of estates are also found in statutory provisions concerning the presentation of a will. K.S.A. 59-617 establishes the general rule. The statute provides in its entirety: "No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided." Simply put, K.S.A. 59-617 functions as a statute of limitations prohibiting the admission of a will to probate more than 6 months after a testator's death. *In re Estate of*

*Reed*, 157 Kan. 602, 607-08, 142 P.2d 824 (1943) (holding the then 1-year time limitation in G.S. 1941 Supp. 59-617 to be a statute of general limitation); *Tracy*, 36 Kan. App. 2d at 406 (K.S.A. 59-617 is a statute of limitations). Compare K.S.A. 59-618 (savings provision for innocent beneficiaries of wills improperly withheld).

Beverly argues the above provisions for claims against the estate do not apply to claims by heirs or letters of administration. The caselaw is fuzzy. In *Nelson v Nelson*, 288 Kan. 570, 205 P.3d 715 (2009), the court considered the question of whether a claim must be made against a decedent's estate when it is alleged the decedent breached a contract to place his entire estate in a testamentary trust for the benefit of his adult children. The district court and the Court of Appeals in *Nelson v. Nelson*, 38 Kan. App. 2d 64, 162 P.3d 43 (2007), had held that the decedent's assets were not subject to a constructive trust because a claim had not been made against the decedent's estate within the period of limitations imposed by the nonclaim statute—K.S.A. 59-2239. In affirming, the *Nelson* court recognized the broad reach of the nonclaim statute:

> "The nonclaim statute recognizes that a decedent no longer has the individual capacity to respond in damages to torts, to pay debts, to carry out contracts, or to administer his or her estate; therefore, the estate must meet the decedent's financial obligations. *In re Estate of Reynolds*, 266 Kan. 449, 456-57, 970 P.2d 537 (1998). As a result, a person who seeks to recover from the decedent, whether based on tort, contract, the decedent's will, or the statute of intestate succession, must recover, if at all, from the decedent's estate. 266 Kan. at 456-57; *Burns v. Drake*, 157 Kan. 367, 369-72, 139 P.2d 386 (1943).
>
> "K.S.A. 59-2239 imposes a special statute of limitations governing such claims against a decedent's estate, and it operates as a complete bar to all demands against a decedent's estate that are not timely filed. [Citations omitted.]" 288 Kan. at 591.

The *Nelson* court found the heirs' contract claim was barred by the nonclaim statute.

13

"This policy has been furthered by cases that have read the term 'all demands' to be broadly inclusive of any and all claims, making exception only where a statute expressly provides otherwise. *Union Nat'l Bank & Trust Co.*, 233 Kan. 671. One statutory exception is found in K.S.A. 59-2239(2); that exception extends the statute of limitations for tort claims. Because we have concluded that the Appellants failed to plead fraud and the Appellants do not suggest they have pled any other tort, the tort exception does not apply. There is no similar exception for contract claims; such claims must be brought within the nonclaim period of K.S.A. 59-2239(1)." *Nelson*, 288 Kan. at 592.

The majority relies on the above quoted language in *Nelson*. However, Beverly is attempting to thwart the likes of *Nelson* by making a back door argument that she is not making a claim against the estate, just seeking letters of administration. I am not convinced. If she had filed a lawsuit against Danny, *Nelson* would have been completely on all fours and resolved her claim. Kansas appellate cases are in accord and have consistently held that an action to enforce an agreement to devise or bequeath a portion of the decedent's estate constitutes a claim against the estate. In *In re Estate of Goodburn*, 210 Kan. 740, 746, 504 P.2d 612 (1972), the court held "that where a party seeks to enforce a contractual obligation to devise or bequeath a portion of a decedent's estate, the proceeding constitutes a demand against the estate and not a will contest."

If Beverly's ultimate claim is that the Texas real estate transfer and the payable-on-death accounts were fraudulent, then her allegation is a claim to bring the property back into the estate. This is not a case where a party is simply attempting to marshal assets, but rather an attempt to void transfers where no evidence of illegality or undue influence is even alleged. See *Estate of Draper v. Bank of America*, 288 Kan. 510, 205 P.3d 698 (2009). The court in *Nelson* addressed this head on:

"[I]f the property is not brought into the estate, recovery may not be allowed. This point is illustrated by at least two cases, *Houdashelt v. Sweet*, 163 Kan. 97, 180 P.2d 604 (1947), and *Wright v. Rogers*, 167 Kan. 297, 205 P.2d 1010 (1949). In those cases, this court dismissed actions brought by heirs directly against those who held property that had

been obtained via an allegedly void transfer. Even though the heirs were making claim to property outside the estate, in both cases the court found the proceeding against the property holder was tantamount to a claim or demand to a portion of the decedent's estate and as such had to be filed in the probate court within the time provided by law. In *Houdashelt*, the court explained that the action was based upon fraud and undue influence, and if that allegation were true, the land was not legally conveyed and therefore remained an asset of the estate. [*Houdashelt*,] 163 Kan. at 100; see *Wright*, 167 Kan. at 302." *Nelson*, 288 Kan. at 596-97.

Under the above cited statutes, along with *Nelson* and *Houdashelt*, when one claims property of an estate, the fact that an estate does not exist does "'not relieve [a family member] or any other person having a claim upon the property of [the] estate from having an administrator appointed'" under the provisions of K.S.A. 59-2239 and making a claim against the estate. *Gebers v. Marquart*, 166 Kan. 604, 609, 610, 203 P.2d 125 (1949); *Gantz v. Bondurant*, 159 Kan. 389, 394-95, 155 P.2d 450 (1945). The practical consequence is that appointing of an administrator and filing of the claim must be performed within the 6-month window following the decedent's death under K.S.A. 59-2239. Beverly was not within this 6-month window.

One of Beverly's arguments is that we really do not know if there are any assets in the estate until the estate is administered—*i.e.*, the "cart before the horse" argument. The problem with Beverly's argument is that creditors had 6 months to file a claim against the estate or file a petition for administration of the estate based on that claim. Additionally, any will had to be presented within a 6-month time frame as well. There were no claims filed against Beverly's estate or creditor petitions for administration pursuant to a creditor's claim filed within the 6-month time period. There were no wills presented for probate Beverly's petition for letters of administration is simply untimely.

I also pause to comment that this is not a case where the death of the decedent was unknown to the person seeking letters of administration and/or making a claim against

the estate. Beverly clearly knew of her mother's death on January 26, 2014. Yet she waited 7 months to file a petition for letters of administration to become administrator of Brenner's estate. Her request was untimely based on K.S.A. 59-2239, *Nelson,* and *Houdashelt*. Additionally, the affidavit of Texas attorney John W. Petry indicates that Beverly called him in early July 2014 to discuss the transfer of deed transaction, again within the 6-month time frame for filing a claim against the estate. In his affidavit, Danny also indicated he explained the deed transaction to Beverly in June 2014.

An action to marshal assets is an impotent tool for decedents' estates. Kansas cases make clear that an action to marshal assets is properly brought by the representative of the estate and is not a claim against the estate. See *Estate of Draper*, 288 Kan. 510; *In re Estate of Wright*, 170 Kan. 400, 227 P.2d 131 (1951) (return of property, court clarified it was not a situation where a beneficiary made a claim against the estate by claiming fraud or void transfer); *Wright v. Rogers*, 167 Kan. 297, 205 P.2d 1010 (1949) (refusal to return property to the decedent's estate).

I note some specific language in *Estate of Wright* that appears to favor Beverly. After discussing possible assets, the court said:

> "Whether these facts may ultimately be proved is not our present question. *What we determine from the pleadings is that there are assets which have not been administered.* There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he has an interest. The legislature has seen fit to make a provision fixing the time in which creditors must apply for administration (G.S. 1947 Supp. 59-2239) fixing the time for probate of a written will (59-617 and 618) and for the probate of an oral will (59-619) and had it intended any limitation on an heir seeking administration of an estate in which he had an interest it could have done so. It seems significant that it did not do so." (Emphasis added.) 170 Kan. at 406.

However, the present case is not one of marshalling assets. The only assets that could be marshaled are the Texas real estate and the payable-on-death accounts. *Beverly alleges no additional assets even exist.* Beverly would have to claim fraud or void transfer for those to come back into Brenner's estate. Consequently, without those assets, the estate does not have substantial assets to administer and, as shown below, the district court was correct to deny the petition on that basis as well.

On the question of the assets in Brenner's estate, there is substantial evidence to support the district court's finding that her estate lacked substantial assets to administer. In her petition, Beverly claimed that Brenner's estate included real estate with an estimated value of $100,000 and personal property in the estimated amount of $140,000. However, Danny presented evidence through a special warranty deed and payable on death accounts that the specific property had been given to him by Brenner nearly 3 years before her death. He claimed Brenner's undistributed property amounted to $2,000 in refund checks, but there were still outstanding funeral invoices in excess of $11,500.

At the hearing in this case, Danny's attorney argued there had been a division of personal property at the storage units in June or July 2014—within 6 months of Brenner's death. Even under a summary judgment standard of review, if Beverly had knowledge of the transfers and she believed they were void or fraudulent, she had to file a claim within the 6-month time period under K.S.A. 59-2239. If an estate were opened, Beverly would still have to make a claim of fraud or void the transfers in order to get the money back into the estate and those would be untimely as determined above.

The Kansas Legislature has provided multiple avenues to deal with cases lacking substantial assets. For instance, the nature of the refusal to grant letters procedure indicates it is a method of administering the estate. See K.S.A. 2014 Supp. 59-2287 (when real estate and personal estate do not exceed $50,000). "The basic purpose of 59-2287 is to provide an inexpensive, expeditious method of administering estates that are

17

shown to be within its scope." *In re Estate of Teichgraeber*, 217 Kan. 373, 387, 537 P.2d 174 (1975). There is also a procedure outlined in K.S.A. 2014 Supp. 59-1507b for estates not exceeding $40,000, and it allows transfer to decedent's successors upon affidavit showing entitlement to personal property. Last, K.S.A. 59-2250 provides that when a person has been dead for 6 months, and there is no will, no petition for probate, and no petition for administration, anyone interested in the estate or claiming an interest may petition for distribution in accordance with intestate succession. Beverly did not file any of the above listed logical options for distributing Brenner's remaining assets if there are any.

As the parties repeatedly alluded to in the district court, the issuance of letters of administration is rarely a challenged issue. However, the district court did not err in finding Brenner's estate lacked substantial assets to administer. I would find Beverly's petition was untimely and involved yet to be determined claims against Brenner's estate and affirm the district court.